Kellogg and others vs. Coller and another.   Coller vs. Kellogg and others.

---

Kellogg and others vs. Coller and another.   Coller vs. Kellogg and others.

Supplementary Proceedings. *In case of several such proceedings, which creditor has prior lien. Practice in such cases.*

1. In several summary proceedings supplementary to executions against the same debtor, returned unsatisfied (R. S., secs. 3028–3038),— such a proceeding being a substitute for a creditor's bill,— the creditor who first commences his proceeding and obtains service of process upon the debtor, and prosecutes the proceeding with proper diligence to the appointment of a receiver, obtains a prior lien upon the assets of the debtor; and a *bona fide* attempt to serve the process is equivalent to actual service in

respect to priority of right, as against persons who, being chargeable with notice of the prior proceeding, commenced subsequent proceedings of the same character.

2. *Actual notice* of the prior proceeding is sufficient, where its pendency was not *shown by the records of the court.*

3. K. and C. being severally judgment creditors of X., on whose judgments executions had been returned unsatisfied, K. obtained an order from a court commissioner, March 20th, citing the debtor to an examination on the 27th, and enjoining him from disposing of his property.   March 21st, the sheriff, in good faith, made an affidavit in due form, of service of the order on the debtor on the 20th; but in fact the copy order left with such debtor did not show the signature of the commissioner.   March 22d, C. obtained a like order from the same commissioner, citing the debtor to an examination on the 24th; and, on the last named day, after a hearing, M. was appointed receiver, and the debtor made an assignment to him in due form the next day; but K. was not made a party or notified of these proceedings.   On the 27th, immediately upon the discovery by the sheriff and K. of the defect in the service of the first order, the debtor refusing the sheriff permission to amend the copy served, that officer served a correct copy, and made due return of the facts before the hour at which the order was returnable; and, the proceeding being prosecuted with due diligence, a receiver (other than M.) was appointed therein.   *Held,* that upon these facts the court, on motion, should have ordered M. to pay over the assets in his hands to be applied upon K.'s judgment.

4. The motion of K. for the relief last mentioned should have been entitled in *both* of the actions; but an error in entitling it only in his own action (to which C. was made a party for the purposes of the motion), is *held* merely technical and no ground of reversal.

[5. The statute contemplates that different proceedings may be pending at the same time, but requires creditors prosecuting prior proceedings to be notified of the pendency of junior proceedings, and that but one receiver shall be appointed; and it is the proper practice, especially where the first proceeding is diligently prosecuted, to make the appointment in that; but the plaintiff in the junior proceeding should be allowed to proceed with the examination of the debtor, etc. (under sec. 3033), without regard to priorities.]

[6. Other rules stated by which proceedings in such cases should usually be governed.]

APPEALS from the Circuit Court for *Waukesha* County. Two judgments were recovered in the circuit court against Isaac Coller — one by *Henrietta A. Coller*, and the other by

*Charles P. Kellogg and others*, the appellants. Executions were duly issued upon both judgments and returned unsatisfied.

March 20, 1879, the appellants, *Kellogg and others*, obtained an order from a court commissioner requiring the judgment debtor to appear before him on the 27th day of the same month, to answer concerning his property, and enjoining him from making any transfer or disposition thereof. On the 21st day of March the sheriff made an affidavit of service of the order, stating therein that he served it on the 20th of March, by delivering to and leaving with the judgment debtor, personally, a copy of the order, and of the affidavit annexed thereto, and at the same time showing him the original order, and the signature of the commissioner who signed the same. The affidavit of the sheriff was made in good faith, but was incorrect in that the name of the commissioner to the order was omitted from the copy served.

March 22, 1879, the respondent *Henrietta A. Coller* also instituted proceedings supplementary to her execution, against the judgment debtor, before the same commissioner, and procured from him an order for the examination of such debtor on the 24th of the same month. On the day last mentioned, the judgment debtor appeared and was examined concerning his property. On such examination he disclosed that he held an endowment policy of life insurance, upon which a certain sum would become due and payable to him in May following. The commissioner thereupon appointed one Martin receiver of the property and assets of the judgment debtor, and Martin gave bond and entered upon his duties as receiver on the following day. On the same 25th of March the judgment debtor executed to the receiver the usual assignment of all his property and effects not exempt from seizure on execution. The appellants were not made parties to *Mrs. Coller's* proceeding, and were not notified thereof.

Subsequently the receiver, Martin, collected of the insurance company the money payable on such policy.

The appellants and the sheriff first discovered the defect in the copy of the order served in the appellants' proceeding on the day such order was returnable, March 27th.   Thereupon the sheriff applied to the judgment debtor for leave to correct the copy served, which was refused.   He then served a correct copy of the order on the judgment debtor, and made due return of such service, and of all the facts, to the commissioner, before the hour at which the order was returnable.   The appellants prosecuted their proceeding with due diligence, and the same resulted in the appointment, by the commissioner, first of said Martin, who declined to serve, and then of one Chafin, as receiver of the property and effects of the judgment debtor. Chafin duly qualified as such receiver.

When *Mrs. Coller* instituted her supplementary proceeding, both she and her attorney had actual notice that the appellants had previously commenced a like proceeding on their judgment; that the order and injunction above mentioned had been issued therein; and that proper service of such order had been made upon the judgment debtor, except that the copy served wanted the name thereto of the commissioner who signed the original order.

On affidavits and records showing the above facts, the appellants moved the court for an order requiring Martin to pay over to them the money collected by him of the insurance company, and procured and served upon *Mrs. Coller* an order to show cause why Martin should not be ordered to pay over the money to them to be applied on their judgment.   The order to show cause is entitled in the action of the appellants against Isaac Coller.   *Mrs. Coller* appeared and resisted the motion.   She also obtained an order, entitled in her action, founded upon affidavits and records showing substantially the same facts, requiring the judgment debtor and the appellants to show cause why Martin should not be ordered to pay over such money to her to be applied on her judgment.   The appellants appeared and resisted the motion.   The two motions

were heard together.   The motion of the appellants was denied, and that of *Mrs. Coller* was granted.   These appeals are from the orders denying the one and granting the other motion.

For the appellants, there was a brief by *Lewis, Lewis & Hale* and *Wm. Street,* and oral argument by *H. M. Lewis.* They contended, among other things, 1. That, as the receiver was a mere custodian for the court, having no rights in the matter and not entitled to be heard (Edwards on Receivers, 12), the money was really in court, and could be disposed of by order of the court on motion of any party claiming a right to it, provided all other parties claiming it were notified and had an opportunity to be heard.   2. That under the old chancery practice, the filing of the bill and service of the subpœna, or a *bona fide* attempt to serve it, created a *lis pendens,* and in a creditor's suit gave the creditor an equitable lien upon the debtor's assets from the commencement of the action; that in analogy to this doctrine priorities between several creditors pursuing supplementary proceedings are determined by the time of the commencement of such proceedings (2 Barb. Ch. Pr., 158; 4 Wait's Pr., 128 c; Riddle's Sup. Pro., 162–7, and cases there cited; *Patterson v. Brown,* 32 N. Y., 81; *Lynch v. Johnson,* 48 id., 27; *Spear v. Wardell,* 1 id., 144; *Edmonston v. McLoud,* 16 id., 643; *Field v. Sands,* 8 Bosw., 685; *Jeffres v. Cochrane,* 47 Barb., 557; *Porter v. Williams,* 5 How. Pr., 441, affirmed in 5 Seld., 142; *Edmeston v. Lyde,* 1 Paige, 637; *Hayden v. Bucklin,* 9 id., 512; *Nieuwankamp v. Ullman, ante,* p. 168); and that such time of commencement is determined by the time of serving, or attempting in good faith to serve, the subpœna in a chancery action, or the order in supplementary proceedings.   Riddle's Sup. Pro., 169; 4 Wait's Pr., 128 c; 16 N. Y., 543; 48 id., 27; 1 Paige, 564; 9 id., 514–15; *Ross v. Clussman,* 3 Sandf. S. C., 676; *Gree v. Oliver,* Bac. Abr., "Heir and Ancestor, F.;" *Nieuwankamp v. Ullman, supra.*   3. That *actual*

notice of the pending proceedings was sufficient to subordinate thereto the rights of those commencing subsequent proceedings. Constructive notice is never held superior to actual notice. See *Livingston v. Cheetham*, 2 Johns., 479; *Keeler v. Belts*, 3 Code Rep., 183; *Barker v. Cook*, 16 Abb. Pr., 84; *Courter v. McNamara*, 9 How. Pr., 255. 4. That the defendant Isaac Coller had such actual notice of the order of March 20, 1879, that any disposition of his property in contravention thereof would render him liable to punishment for contempt (High on Inj., § 864; *Mead v. Norris*, 21 Wis., 310); and it was a contempt of that order to execute an assignment to the receiver under the second order. *Nieuwankamp v. Ullman, supra.*

For the respondents, there was a brief by *Joshua Stark* and *M. S. Griswold*, and oral argument by *Mr. Stark*. They contended, among other things, 1. That the commencement of a creditor's suit in chancery, giving a lien on the equitable assets of the debtor, was by the filing of the bill and *service of the subpœna*. *Utica Ins. Co. v. Power*, 3 Paige, 365; *Hayden v. Bucklin*, 9 id., 512; *Fitch v. Smith*, 10 id., 9; *Roberts v. R. R. Co.*, 25 Barb., 662; *Boynton v. Rawson*, 1 Clarke's Ch., 584; 2 Barb. Ch. Pr. (2d ed.), 158, and notes. 2. That in supplementary proceedings (which are a substitute for the creditor's suit), the service of the order for examination on the judgment debtor takes the place of the commencement of the suit under the old system, and gives the lien. *Lynch v. Johnson*, 48 N. Y., 27; *Nieuwankamp v. Ullman, ante*, p. 168. Personal property is, however, subject to levy on execution in favor of other creditors, who will thereby acquire a lien free from that of the supplementary proceedings, at any time before the appointment of a receiver therein (*Van Alstyne v. Cook*, 25 N. Y., 489; *Brown v. Nichols*, 42 id., 26, 34; *Davenport v. Kelly*, id., 193, 199; *Voorhees v. Seymour*, 26 Barb., 569; and cases cited in Riddle's Sup. Pro., 162); and the reason is, that the commencement of supple-

mentary proceedings is not a proceeding in court, and neither the order therefor, nor any other document that might serve as notice, is required to be filed until after a receiver is appointed.  But as between two creditors separately pursuing such proceedings against a common debtor, he whose order for examination is first served has the prior lien.  Riddle, 167. This rule in chancery (and by analogy in supplementary proceedings) was subject to the qualification, that if the creditor who first commenced his suit, abandoned it or lingered on the way before obtaining a specific lien, and permitted another creditor to outstrip him in legal diligence, he lost his priority. Riddle, 166, and cases there cited; *Myrick v. Selden*, 36 Barb., 15.  3. That the *bona fide* attempt at service which was sometimes permitted, in the creditor's chancery suit, to have the same effect as a regular service in giving priority, was not a defective or void service, but the best service practicable in the given case, followed by a regular service as soon as practicable.  It meant leaving the subpœna at the defendant's dwelling when he was absent so that personal service could not be made.  But when the sheriff has opportunity to serve the defendant personally, and fails solely by reason of his own carelessness and disregard of duty, this is not a *bona fide* attempt which should have the effect of actual service. 6 Duer, 703; 1 Clarke's Ch., 584; 1 Man. & Gr., 238.  4. That a motion in one action to set aside a judgment or order in another, or to reach funds held under orders in such other action, is an anomaly, and, if allowed, would involve the records and proceedings of the courts in the most serious confusion.  *Rae v. Lawser*, 18 How. Pr., 23; 9 Abb. Pr., 380; *Bank of Kinderhook v. Jenison*, 15 How. Pr., 41.

LYON, J.  A summary proceeding supplementary to execution under the statute (R. S., secs. 3028 to 3038, inclusive), instituted after the return of an execution unsatisfied, is a substitute for a creditor's bill in equity, and is governed by the

same rules of law in respect to the rights and priorities of parties affected by the proceeding, which control the equitable action.

In creditors' suits, the general rule was that the creditor who, after filing his bill, obtained the first service of the subpœna upon the judgment debtor, thereby obtained a prior lien upon the equitable assets of such debtor.

It was also the rule that if the creditor proceeded with due diligence, a *bona fide* attempt to serve the process was equivalent to actual service thereof in respect to priority of right. These propositions are abundantly supported by the cases cited in the brief of counsel for the appellants.

In the present case no laches can be imputed to the appellants. They instituted their proceeding first, and prosecuted it with proper diligence before the commissioner until they obtained the appointment of a receiver. There would be no question of their right to the money in controversy, had not the sheriff failed to serve the judgment debtor with a correct copy of the order requiring him to appear before the commissioner for examination. The defect in the service was entirely accidental. Before it was discovered, the sheriff made affidavit to a proper service, and as soon as it was discovered, and before the time appointed in the order for the examination, the service was perfected, and the proceeding was thereafter diligently prosecuted to consummation. That there was a *bona fide* attempt to serve the order before *Mrs. Coller* instituted her supplementary proceedings, we cannot doubt.

As in a creditor's suit the filing of the bill and a *bona fide* attempt to serve the subpœna give the complainant priority of right to the equitable assets of the judgment debtor, so, under the circumstances of this case, the *bona fide* attempt to serve the order issued by the commissioner at the instance of the appellants must be held to confer upon them like priority of right over *Mrs. Coller*, although the order obtained by her was served before service of the appellant's order was perfected.

But it is said that the *filing* of the creditor's bill, as well as the *bona fide* attempt to serve the subpœna, was essential to a *lis pendens,* while there was nothing on the records of the court to show the pendency of the appellants' proceeding. The filing of the bill and the attempted service were constructive notice of *lis pendens,* and bound all other creditors of the judgment debtor, whether they had actual notice of the suit or not. Here no question of constructive notice arises, for *Mrs. Coller* had actual notice of all the facts, and it is immaterial that the records of the court did not show that the appellants had commenced their proceeding against the judgment debtor.

Our conclusion is, that, under all of the circumstances of the case, *Mrs. Coller's* proceeding is inoperative to give her a prior lien on the equitable assets of the judgment debtor, as against the appellants, and that the latter are entitled to the money in the hands of the receiver, the amount being less than their judgment.

Although the foregoing views dispose of these appeals, we deem it our duty to indicate what we consider the correct practice in cases where different judgment creditors are prosecuting supplementary proceedings against the same debtor at the same time, whether such proceedings are pending before the same officer or different officers.

The statute (sections 3030 and 3031) gives the proceeding to any judgment creditor after the return of an execution unsatisfied, or in aid of an outstanding execution, without qualification or restriction, except as provided in section 3036. Hence, such a proceeding may be commenced by a creditor, although other proceedings by other creditors may be pending.

Section 3036 provides that, "before appointing any receiver, the judge shall ascertain, if practicable, by oath of the party or otherwise, whether any other supplementary proceedings are pending against the judgment debtor; and if there be any, the plaintiff therein shall have notice to appear before him, and shall likewise have notice of all subsequent proceedings in

relation to such receivership, and no more than one such receiver shall be appointed."

This section also contemplates that different proceedings may be pending at the same time, the only restriction upon a junior proceeding being that creditors prosecuting prior proceedings shall be notified of the pendency thereof, and that but one receiver shall be appointed.   Inasmuch as the receiver is an officer of the court, and subject at all times to the control of the court, and is required to give sufficient security for the faithful performance of his trust, it is of but little practical importance whether one is appointed in the first or subsequent proceeding.   If an improper person be appointed, the court, on motion and proof of the fact, will remove him and appoint some suitable person.   Yet we think it the proper practice, especially where the first proceeding is being diligently prosecuted, to suspend the appointment of a receiver in a subsequent proceeding, leaving the appointment to be made in the first.   But the plaintiff in the junior proceeding should be allowed to proceed under section 3033, without regard to priorities.

Should a junior proceeding be instituted before the officer who issued the prior order for the examination of the judgment debtor, such examination should be first had in the prior proceeding, especially if the same is being diligently prosecuted.   The same rule should be observed although the junior proceeding be instituted before another officer.

After a receiver has been appointed in the first proceeding, and has duly qualified as such, we see no objection to the appointment of the same receiver in all other proceedings against the same debtor.   This is little more than a formal matter. The receiver should not be required, however, to give additional bond on such subsequent appointments, unless the court so order.

All of the proceedings being reported to the court, the parties can there litigate their respective rights, summarily, on

motions duly served on all interested, and the court will adjudicate their rights, and determine the order in which the judgments shall be paid out of the funds in the hands of the receiver.

It only remains to determine a single question. The motion that Martin, the receiver, pay over the money in controversy to the appellants, was made in their action. It is claimed that this is irregular; that the motion should have been made in *Mrs. Coller's* action.

The objection is purely technical, and cannot prevail. The appellants and respondents are parties to both proceedings, and it is quite immaterial in which of them the motion is made. Martin, the custodian of the money, is under the control of the court, in respect thereto, and the money can be awarded to the party entitled to it by an order made in either case. We think, however, that it would have been more regular and orderly practice to have entitled the motion in both actions.

*By the Court.* —The orders appealed from are reversed, and the circuit court is directed to grant the motion of the appellants.