KALB, Appellant, vs. LUCE and others, Respondents.

*March 15—May 7, 1940.*

510

511

*J. J. McManamy* of Madison, for the appellant.

*Moran & O'Brien* of Delavan and *Thorson & Seymour* of Elkhorn, for the respondents.

ROSENBERRY, C. J. In his complaint the plaintiff alleges that the defendant, Roscoe R. Luce, was judge of the county court of Walworth county, and the defendant, George O'Brien, was the sheriff of said county; that the plaintiff was the owner of certain real estate more particularly described; that plaintiff and his wife gave a mortgage upon his real estate to Henry Feuerstein and Helen Feuerstein prior to March 7, 1933; that an action of foreclosure was begun and judgment of foreclosure was entered on April 21, 1933; that by act of the congress of the United States, sec. 75 of the act of the congress, entitled "An Act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, as amended, was further amended on August 28, 1935, 49 U. S. Stat. at L. 942–945, ch. 792, such amendment being known as the new Frazier-Lemke Act; that on the 2d day of October, 1934, the plaintiff invoked the provisions of said act by filing in the district court of the United States for the Eastern district of Wisconsin his petition and schedules as provided by law, and that on said day the matter was referred to the proper officer for further proceedings; that thereafter on the 27th day of June, 1935, an order was entered dismissing the plaintiff's petition; that on the 6th day of September, 1935, the plaintiff petitioned the district court of the United States for an order vacating the order made in that court on June 27, 1935, and reinstating his petition filed on the 2d day of October, 1934; that on the 6th day of September, 1935, the order of dismissal was vacated and the plaintiff's petition was ordered

reinstated; that on the 6th day of September, 1935, the plaintiff served on Roscoe R. Luce a certified copy of said order, and such certified copy was filed in the county court of Walworth county on September 9, 1935; that on the 20th day of July, 1935, George O'Brien, as sheriff of Walworth county, sold the premises under the judgment of foreclosure, which sale had not been confirmed on the 6th day of September, 1938; that thereafter, and on the 16th day of September, 1935, Roscoe R. Luce as county judge, with full knowledge that plaintiff's petition had been reinstated, wrongfully and unlawfully issued an order confirming the sale, which report of sale set forth that the premises described in the plaintiff's complaint had been sold to Henry Feuerstein and Helen Feuerstein; that thereafter George O'Brien, as sheriff, wrongfully and unlawfully executed a sheriff's deed of sale, which was duly recorded in the office of the register of deeds on September 20, 1935; that on the 16th day of December, 1935, the defendants, Henry Feuerstein and Helen Feuerstein, wrongfully and unlawfully filed a petition in the county court of Walworth county, asking that a writ of assistance issue to the sheriff of said county; that on the same day Roscoe R. Luce wrongfully and unlawfully signed an instrument directing that the writ of said court be issued as prayed in the petition; that thereafter, and on the 12th day of March, 1936, the defendant, George O'Brien, together with divers other persons, wrongfully and unlawfully went upon the premises of said plaintiffs, dispossessed them of the premises and wrongfully and unlawfully placed Henry Feuerstein and Helen Feuerstein in possession of the same.

Plaintiff further alleges upon information and belief that—

"all of the acts of the defendants done and performed by them subsequent to September 6, 1935, were done and performed in collusion, to effect a plan or scheme to acquire possession of the plaintiff's farm, and all such acts done by the defendants subsequent to September 6, 1935, were done and performed while the plaintiff's petition hereinbefore re-

ferred to was pending in the district court of the United States for the Eastern district of Wisconsin"—

all to the damage of the plaintiff in the sum of $7,000.

For a second cause of action the plaintiff realleges the facts set out in the first cause of action, and charges that George O'Brien on the 12th day of March, 1936, wrongfully and unlawfully entered upon the plaintiff's premises, broke into the plaintiff's dwelling house and assaulted and beat the plaintiff, etc.; that plaintiff is informed and believes that the entering upon plaintiff's premises by George O'Brien, his agents and servants, and assaulting and beating him was under the direction of the other defendants who wrongfully and unlawfully directed the said George O'Brien to make such entry and wrongfully remove the plaintiff and his family therefrom, all to the damage of the plaintiff in the sum of $2,000.

For a third cause of action plaintiff realleges matters set out in the first cause of action and further alleges that he was falsely imprisoned by George O'Brien and "that such confinement and imprisonment was under the direction of the defendants in this action, as this plaintiff is informed and believes."

The defendants Luce and O'Brien demurred on the ground that several causes of action had been improperly united. The statute, sec. 263.04, provides:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

Under the facts alleged in the complaint all that was done was done by some one of the defendants acting in concert with or pursuant to the direction of the others.

Restatement, Agency, § 212, is as follows:

"A person is subject to liability for the consequences of another's conduct which results from his directions as he

would be for his own personal conduct if, with knowledge of the conditions, he intends the conduct, or if he intends its consequences, except where the one directing or the one acting has a privilege or immunity not available to the other."

This is true even though the one who gives the direction thereby unintentionally authorizes conduct which constitutes a tort to a third person. Restatement, Agency, § 215.

It follows therefore that under the allegations of the complaint which must be liberally construed in favor of the pleader each of the defendants was a participant in each of the transactions which resulted in the three separate causes of action.

On behalf of the defendants Luce, county judge, and George O'Brien, sheriff, it is argued that they are not liable and therefore there is an improper joinder of causes of action. Whether or not they are liable is a question to be considered in determining whether a cause of action is stated. We conclude therefore that there is no misjoinder of causes of action.

We come now to a consideration of whether the complaint states a cause of action. In the first cause of action it is not alleged that the judge who ordered the confirmation of sale and directed the issuance of the writ of assistance acted maliciously or corruptly. All of the acts are characterized as arbitrary, wrongful, and unlawful.

We come now to a consideration of the liability of a judge of a court of limited jurisdiction who acts erroneously and in a particular case had no jurisdicion because his jurisdiction was suspended by reinstatement of plaintiff's petition in bankruptcy.

In this country it is uniformly held that where an officer has jurisdiction of the person and of the subject matter, he is exempt from civil liability for his acts so long as he acts within his jurisdiction and in a judicial capacity. See note 13 A. L. R. 1345, and cases cited, 15 R. C. L. pp. 543–545, §§ 31, 32, and cases cited. Formerly a distinction was drawn with respect to the liability of judges of courts of

superior or general jurisdiction and those of limited or inferior jurisdiction. That distinction is not observed in this state. In *Robertson v. Parker* (1898), 99 Wis. 652, 75 N. W. 423, it was held that a judge of a municipal court was not liable in damages for erroneously assuming jurisdiction to pass judgment upon and commit to prison a person brought before him for a crime of which he had no jurisdiction except to examine and hold to bail or commit for trial, unless the judge had acted wilfully, maliciously, or corruptly in exercising such jurisdiction. The doctrine of that case was affirmed and expounded in *Langen v. Borkowski* (1925), 188 Wis. 277, 206 N. W. 181.

In this case Roscoe R. Luce was the judge of the county court, the county court had jurisdiction of actions to foreclose mortgages, to confirm the sale and to issue writs of assistance. It had that jurisdiction at all times unless and until its jurisdiction was ousted by the filing of the plaintiff's petition under sec. 75 of the Bankruptcy Act. When the petition was reinstated it became necessary for the judge of the county court to determine whether that act had the effect of stripping the state court of jurisdiction upon the mere filing of a petition. He held that it had not and proceeded to confirm the sale and issue a writ of assistance. Having been brought into court in this action, this court in effect affirmed his decision and held that he had jurisdiction to confirm the sale and issue the writ of assistance. On appeal to the supreme court of the United States the decision of this court was reversed. It cannot be said under the facts and circumstances set forth in the complaint that in this case the county judge acted wilfully, arbitrarily, maliciously, or corruptly. Not only was his conclusion concurred in by this court but the supreme court of the United States is not itself in agreement upon the effect of the act. See *Union Joint Stock Land Bank of Detroit v. Byerly,* 310 U. S. 1, 60 Sup. Ct. 773, 84 L. Ed. ——, decided April 22, 1940.

Were it not for the fact that the allegations of the complaint must be construed most favorably to the plaintiff, and

it appearing by the allegations of the complaint that the defendant Luce colluded with the other defendants in a plan or scheme to acquire possession of the plaintiff's farm and gave directions to the other defendants, we would be obliged to hold that the complaint states no cause of action against the county judge. While there is a strong inference running through the allegations of the complaint that the county judge was acting in his official capacity and in that only it is not sufficient to overthrow the direct allegation with respect to collusion and direction. We conclude therefore that the complaint states a cause of action against the defendant Luce.

There is no allegation in the complaint that indicates that there was any irregularity or defect in the order of confirmation, and for all that appears in the complaint the writ of assistance was duly and properly issued and fair upon its face. Where a sheriff acts in good faith and in obedience to a mandate proceeding from a court of competent authority, having jurisdiction of the subject matter of the suit and nothing appears in the process to apprise him of any want of jurisdiction over the person affected by the process, he is justified. *Langen v. Borkowski, supra,* p. 298; 24 R. C. L. p. 989, § 84, and cases cited.

If the sheriff did no more than he was authorized to do in the proper execution of a valid writ he is protected by the process issued out of the county court. With respect to the sheriff and with respect to the county judge the allegations of collusion and direction liberally construed require us to hold that the complaint states a cause of action. What is said in that regard with respect to the county judge and sheriff is true of the defendant Feuerstein.

*By the Court.*—The judgment of the circuit court for Walworth county is reversed with directions to reverse the order sustaining the demurrer and for further proceedings according to law.