CANDEE, Plaintiff-Appellant, v. EGAN, and others,
Defendants-Respondents.

*No. 75–850. Submitted on briefs March 8, 1978.—
Decided June 30, 1978.*
(Also reported in 267 N.W.2d 890.)

350

For the appellant the cause was submitted on the briefs of *Michael O. Bohren* and *Thomas L. Frenn* of Milwaukee.

For respondents there was a joint brief by *Gary B. Simon* and *Donald A. Sands,* of Milwaukee, for William J. Egan and Kenneth Candee; by *Ronald L. Petak* and *Andrew & Petak, S. C.,* of Fond du Lac, for Joseph G. Koll and Associated Collectors of Shilling Service, Inc.; by *Ervin A. Weinke* and *Weinke & Weinke,* of Fond du Lac, for Ervin A. Weinke; by *Michael P. Fortune* and *Colwin, Ondrasek & Fortune, S. C.,* of Fond du Lac, for Robert V. Edgarton; and *Joseph D. Donohue, Jerald P. Donohue* and *Donohue Law Offices,* of Fond du Lac, for Northwestern National Insurance Company.

CALLOW, J. This is an appeal from an order sustaining the demurrers of seven of the eight defendants. The plaintiff, Richard A. Candee, a judgment debtor, is suing to recover damages for the injury he sustained as a result of the allegedly negligent and illegal acts of two receivers of his property appointed in aid of execution at the request of his judgment creditors.

Mr. Candee is an insurance salesman who resides in Brookfield, Wisconsin. On September 23, 1974, the Midtown State Bank obtained a judgment entered in the Milwaukee County Court against him in the amount of $10,000. Midtown commenced a supplementary proceeding in aid of execution under Chapter 273, Stats., 1973 (renumbered Chapter 816, Stats., 1975). This proceeding was before Andrew Shane, a Milwaukee County Court Commissioner. Upon motion of Midtown, Attorney Robert V. Edgarton of Fond du Lac, Wisconsin, was bonded and appointed receiver over the property of Mr. Candee. The record does not declare the nature of Midtown's judgment or the nature of the property that Mr. Edgarton as receiver was to collect.

While the supplementary proceeding before Commissioner Shane in Milwaukee County was pending, William J. Egan, a physician residing in Milwaukee, recovered a judgment against Mr. Candee in the amount of $104,326.42. Execution on this judgment was returned unsatisfied, and Dr. Egan commenced a supplementary proceeding before Ervin Weinke, a Court Commissioner for Fond du Lac County, Wisconsin.

In this second suppplementary proceeding, Commissioner Weinke bonded and appointed Joseph G. Koll as receiver of the property of Mr. Candee. The appeal record contains a document entitled, "Stipulation and Order," signed by counsel for the parties to the Fond du Lac supplementary proceeding, as well as by Mr. Candee himself, in which the undersigned agreed to the appointment of Mr. Koll as receiver of Mr. Candee's property. In this stipulation the parties also agreed that Mr. Candee would not enter the premises known as Bill's Sporting Goods, Inc., in Lomira, Wisconsin, unless accompanied by the receiver, Mr. Koll, or with his consent.

Richard Candee was the sole shareholder of Bill's Sporting Goods, Inc. Plaintiff's Reply Brief states without explanation that both receivers took possession of

the stock. However, the record also shows that Mr. Koll has sold the shares of stock in Bill's Sporting Goods, Inc., to satisfy the judgment of Dr. Egan.

In September, 1975, Mr. Candee commenced this action against the following eight defendants: (1) Robert J. Edgarton, the first receiver appointed by Midtown Bank; (2) Northwestern National Insurance Company, the bonding company that issued Mr. Edgarton's receiver's bond; (3) Joseph G. Koll, the second receiver appointed; (4) Ervin A. Weinke, the Court Commissioner who appointed Mr. Koll as receiver; (5) Dr. William J. Egan, the judgment creditor for whose benefit the second receiver was appointed; (6) Kenneth Candee, who allegedly operated Bill's Sporting Goods, Inc., at Mr. Koll's direction; (7) Associated Collectors of Shilling Service, Inc., a Wisconsin corporation of which Receiver Koll is the president; (8) and Fidelity and Deposit Company of Maryland, the bonding company that bonded Associated Collectors against losses it suffers as a result of the negligence and other unlawful conduct of its agents. Mr. Candee's complaint against all of these defendants is essentially that each is liable to him under various theories of liability for injuries resulting from the appointment of a second receiver contrary to law who operated Bill's Sporting Goods, Inc., as a going concern and who wasted its assets. The only specific act of waste and mismanagement of which Mr. Candee has complained at this stage of the proceedings is the depletion of the inventory of Bill's Sporting Goods, Inc.

All of the defendants except Fidelity and Deposit Company of Maryland demurred to the complaint on the grounds that it failed to state a cause of action. Instead, Fidelity and Deposit Company of Maryland moved for summary judgment and is not a party to this appeal. In addition, Associated Collectors, Dr. Egan, and Kenneth Candee demurred, based on the misjoinder of causes of action. Mr. Koll also demurred on the ground of the

existence of another action pending in another circuit court. The trial court sustained all the demurrers. The court did not specify any grounds for sustaining each, except to state that the appointment of two receivers at the same time for a single judgment debtor, though contrary to statute, did not create a substantive cause of action in the plaintiff. The court sustained all but two of the demurrers with prejudice and permitted the plaintiff to replead only against Mr. Koll and Mr. Kenneth Candee.

### Cause of Action Against Robert V. Edgarton

In his cause of action against Robert V. Edgarton, Mr. Candee alleges that Mr. Edgarton's conduct as the original receiver of his property caused Mr. Candee injury on two different theories: (1) that Mr. Edgarton permitted a second receiver, Joseph G. Koll, to be appointed over all debts, property, equitable interests, rights and things in action of the plaintiff contrary to law; and (2) that Mr. Edgarton violated his common law trust as receiver by failing to take into his exclusive custody all of the property of the plaintiff. We hold that the complaint fails to state any cause of action against Mr. Edgarton on either theory.

Chapter 273, Stats., 1973, provides the procedure for supplementary proceedings. In a supplementary proceeding a judgment creditor who has executed against the property of the judgment debtor and the execution has been returned unsatisfied within the last five years can make the judgment debtor answer concerning the extent and whereabouts of property which may be subject to execution to satisfy the judgment debt. Secs. 273.03(1) (a) and (b), Stats., 1973. Supplementary proceedings are held before a court commissioner, and orders of the court commissioner to the judgment debtor to appear and answer concerning his property must be filed with the

clerk of the court in which the judgment is entered. Sec. 273.035, Stats., 1973. Under sec. 273.08, Stats., 1973, the court commissioner "may order any property of the judgment debtor or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment." In addition, sec. 273.04, Stats., 1973, permits a receiver to be appointed as follows:

"A receiver may be appointed but before appointing a receiver the court or judge shall ascertain, if practicable, whether any other supplementary proceedings are pending against the judgment debtor, and if there be any, the plaintiff therein shall have notice to appear and shall have notice of all subsequent proceedings in relation to such receivership. *There shall be but one receivership at any time.*" [Emphasis supplied.]

The plaintiff asks this court to imply a private right of action in a judgment debtor who is damaged by the appointment of more than one receivership at a time, in violation of sec. 273.04, Stats., 1973. Even though a statute does not expressly provide a civil remedy for those injured by its violation, this court will imply such a remedy if it concludes that the legislature intended such a remedy to exist. *McNeill v. Jacobson,* 55 Wis.2d 254, 198 N.W.2d 611 (1972). In *McNeill* this court said:

" 'The legislative intent to grant or withhold a private right of action for the violation of a statute, or the failure to perform a statutory duty, is determined primarily from the form or language of the statute. The nature of the evil sought to be remedied, and the purpose it was intended to accomplish, may also be taken into consideration.' " 55 Wis.2d at 258–9.

Thus whether a private right of action is to be implied is a matter of legislative intent.

Sec. 273.04, Stats., 1973, was first enacted as sec. 209, Ch. 120, Laws of 1856. Chapter 120 was entitled, "An Act to Simplify and Abridge the Practice, Pleadings and

Proceedings in the Courts of this State." That caption in itself is strong evidence that sec. 273.04 is procedural and not intended to confer a new substantive right. *Prechel v. Monroe,* 40 Wis.2d 231, 161 N.W.2d 373 (1968).

As originally enacted in 1856, sec. 273.04, Stats., stated that "before appointing any receiver, the judge shall ascertain, if practicable, by oath of the party or otherwise, whether any other supplementary proceedings are pending against the judgment debtor; and if there be any, the plaintiff therein shall have notice to appear before him, and shall likewise have notice of all subsequent proceedings in relation to such receivership, and no more than one such receiver shall be appointed." In *Kellogg v. Coller,* 47 Wis. 649, 658, 3 N.W. 433 (1879), a court commissioner appointed two different receivers of the same debtor for two different judgment creditors. In *Kellogg* this court discussed the application of sec. 273.04 when two or more judgment creditors have commenced supplementary proceedings:

"This section also contemplates that different proceedings may be pending at the same time, the only restriction upon a junior proceeding being that creditors prosecuting prior proceedings shall be notified of the pendency thereof, and that but one receiver shall be appointed. Inasmuch as the receiver is an officer of the court, and subject at all times to the control of the court, and is required to give sufficient security for the faithful performance of his trust, it is of but little practical importance whether one is appointed in the first or subsequent proceeding. If an improper person be appointed, the court, on motion and proof of the fact, will remove him and appoint some suitable person. Yet we think it the proper practice, especially where the first proceeding is being diligently prosecuted, to suspend the appointment of a receiver in a subsequent proceeding, leaving the appointment to be made in the first. . . .

"Should a junior proceeding be instituted before the officer who issued the prior order for the examination of the judgment debtor, such examination should be first had in the prior proceeding, especially if the same is be-

ing diligently prosecuted. The same rule should be observed although the junior proceeding be instituted before another officer.

*"After a receiver has been appointed in the first proceeding, and has duly qualified as such, we see no objection to the appointment of the same receiver in all other proceedings against the same debtor. This is little more than a formal matter.* The receiver should not be required, however, to give additional bond on such subsequent appointments, unless the court so order." [Emphasis supplied.]

In *Kellogg* this court thus considered the problem of multiple receivers to be matters of practice and form. In 1938 this court by rule amended sec. 273.04, Stats. In place of "no more than one such receiver shall be appointed," the court substituted the sentence: "There shall be but one receivership at any time." The court amended this rule pursuant to its authority to regulate pleading, practice, and procedure in judicial proceedings in all state courts. By statute, rules promulgated by the supreme court do not "abridge, enlarge or modify the substantive rights of any litigant." Sec. 251.18, Stats. Therefore, by amending sec. 273.04, Stats., 1973, the court could not have created any substantive right, unless such rights were created by the statute as originally enacted. *Kellogg* shows they were not.

The plaintiff contends that the fact sec. 273.04 is procedural should not preclude this court from implying a private right of action for its violation since many procedural statutes create remedies. *See, e.g.,* Chapter 275, Stats., 1971, *Ejectment;* Chapter 276, Stats., 1971, *Partition;* Chapter 278, Stats., 1971, *Foreclosure.* However, these examples illustrate that procedural statutes which provide remedies do so explicitly. They provide no authority for creating by implication an independent substantive claim in tort when there is no compliance with those procedures.

A statutory right of action will be implied only when the person who seeks to sue upon that right is the person that the statute was primarily intended to protect. *McNeill v. Jacobson, supra* at 258. The primary purpose of a single receivership is not to protect the debtor's interest in his property, though it may also have that effect. The purpose of a single receivership rule is to preserve the debtor's nonexempt property for the benefit of the specific judgment creditors whose claims the receiver represents. A judgment creditor who first begins supplementary proceedings against a particular judgment debtor obtains an equitable lien upon the debtors nonexempt property that is prior to the equitable lien of a judgment creditor who commences a supplementary proceeding thereafter. *Kellogg v. Coller, supra.* A second receiver appointed on behalf of the second judgment creditor has no power to apply assets to the second judgment debt until after the senior judgment has been fully satisfied. A second receiver who has collected assets for a second judgment creditor before the first judgment creditor is satisfied must turn those assets over to the receiver appointed for the first judgment creditor. *Kellogg v. Coller, supra.* Thus the single receivership requirement is not intended to protect the judgment debtor from the added expenses of a second receiver of his property even if it will incidentally have that effect. Thus a judgment debtor, for whom a second receiver has been appointed contrary to law, has no independent cause of action in tort against the second receiver or anyone else who participated in the appointment merely by virtue of the violation of the one receivership rule.

The second theory of liability alleged against Mr. Edgarton is that he breached his common law duty to the plaintiff as receiver by failing to take into his exclusive possession *all* the property of the debtor. In order to

evaluate this theory of liability, it is necessary to consider the duties and liabilities of a receiver in aid of execution. A receiver appointed in aid of execution under Chapter 273, Stats., 1973, must not be confused with the receiver authorized under sec. 268.23, Stats., 1973 (renumbered sec. 813.23, Stats., 1975), or receivers of insolvent debtors appointed under Chapter 128, Stats. A receiver appointed under sec. 128.05, Stats., acts for the benefit of the insolvent debtor and all of his creditors. *Harrigan v. Gilchrist,* 121 Wis. 127, 237, 99 N.W. 909 (1904). However, the rights, powers, and duties of a receiver appointed in supplementary proceedings are limited to the purpose of such proceedings and those for which the receiver was appointed. *United States Rubber Products, Inc. v. Twin Highway Tire Co.,* 233 Wis. 234, 288 N.W. 179 (1940); 33 C. J. S. *Executions,* sec. 391 (1942); 30 Am. Jur.2d, *Executions,* sec. 857 (1967). *See also:* 1 *Clark on Receivers,* sec. 225 (3d ed. 1959).

■■■■■■

Thus a receiver in aid of execution may not be ordered to manage the debtor's property or operate his business. *See also: United States Rubber Products, Inc. v. Twin Highway Tire Co., supra.* Similarly, a court commissioner may not authorize a receiver in aid of execution to seek out unknown assets. A receiver in aid of execution is authorized to collect those assets revealed by the examination of the debtor, take possession of them, apply them to the satisfaction of the judgment, and return the excess to the judgment debtor. Upon order by the court, the receiver may sue to recover the debtor's property against adverse claims by a third party, and in such a suit the receiver stands in the shoes of the judgment debtor and can take and dispose of only such interest in the judgment debtor's property as the debtor may have had on the date of the receiver's appointment. *Nick v. Holtz,* 237 Wis. 407, 297 N.W. 387 (1941). Thus

although a receiver is typically authorized by his order of appointment to take control of all the judgment debtor's nonexempt property, he need actually do so only to the extent necessary to satisfy the claims of the judgment creditors he represents or the claims of judgment creditors to which the receivership has been extended. In *United States Rubber Products, Inc. v. Twin Highway Tire Co., supra* at 244, this court held that, when the court commissioner "appointed the receiver of the debts, property, equitable interests, rights, choses in action, chattels, business, and good will of the judgment debtor, all of his beneficial interest therein passed by operation of law to the receiver *in so far as necessary to effectuate the purposes of supplementary proceedings.*" [Emphasis supplied.] The parties misinterpret this passage in *United States Rubber* when they assert that a receiver upon his appointment is vested with title to *all* of the debtor's property. Title to all of the debtor's property can vest in a receiver only by statute. 1 *Clark on Receivers*, sec. 226 (3d ed. 1959). Under sec. 128.19, Stats., a Chapter 128 receiver is "vested by operation of law with title of the debtor" as of the date the petition for the proceeding is filed. No such statute exists with respect to Chapter 273, Stats., 1973, receivers. A Chapter 273 receiver in aid of execution acts not as administrator of the debtor's estate but as a collection agent for the specific judgment creditors whose interests he represents.

Mr. Edgarton thus had no duty to take exclusive possession of all of Mr. Candee's property if all of Mr. Candee's property was not needed to satisfy the $10,000 judgment he was appointed to aid in realizing. The complaint does not allege that Mr. Edgarton has failed to take possession of property necessary to satisfy this judgment or that he has damaged the property which he has taken under his control. Neither at the hearing on the demurrers nor in his brief on appeal does the plaintiff suggest

that such a breach of Mr. Edgarton's duty as receiver could be alleged. For this reason, no cause of action against Mr. Edgarton as receiver of the plaintiff's property is stated in the complaint, and the trial court properly sustained Mr. Edgarton's demurrer with prejudice.

### Cause of Action Against Northwestern National Insurance Company

The cause of action against Northwestern National is based on its status as issuer of Mr. Edgarton's receiver's bond. Since the plaintiff has alleged no cause of action against Mr. Edgarton, the plaintiff has alleged no cause of action against his surety, and the trial court properly sustained Northwestern National's demurrer with prejudice.

### Cause of Action Against Ervin A. Weinke

In the cause of action against Mr. Weinke, Mr. Candee alleges that Ervin A. Weinke, acting in his capacity as court commissioner, appointed Joseph G. Koll as a second receiver over all the property of the plaintiff; that in so doing Ervin A. Weinke did knowingly and willfully violate sec. 273.04, Stats., 1973; and that by virtue of this wrongful conduct Mr. Candee suffered damages in the amount of $500,000.

To the extent that the plaintiff's claim against Mr. Weinke is based solely on an implied right of action derived from sec. 273.04, Stats., 1973, the demurrer must be sustained. However, sec. 256.24, Stats., expressly imposes civil liability upon a court commissioner who willfully violates the law in appointing a receiver. That statute states:

"The judges of the circuit and county courts and court commissioners shall be held personally liable to any party

injured for any wilful violation of the law in granting injunctions and appointing receivers, or for refusing to hear motions to dissolve injunctions and to discharge receivers; provided, such motions are made in accordance with the rules of law or such rules as are promulgated by the supreme court."

This court has never had prior occasion to construe sec. 256.24, Stats., which was enacted originally in 1849. R. S. sec. 1849, ch. 87, sec. 23. Ordinarily a judge is immune from suit for damages, even when his acts are willful. *Kalb v. Luce*, 234 Wis. 509, 291 N.W. 841 (1940). However, sec. 256.24 plainly abrogates this doctrine of immunity with respect to willful violation of the law in granting injunctions and in appointing receivers. Since sec. 256.24 makes actionable "any wilful violation of the law," the fact that the law violated is a procedural rule is irrelevant. Under sec. 256.24 liability resulting from a court commissioner's willful procedural error is explicitly imposed.

In a supplementary proceeding when it appears that the judgment debtor has property liable to execution sufficient to satisfy the judgment, the court commissioner has no authority to appoint a receiver. *The Second Ward Bank v. Upmann*, 12 Wis. 555, 566–7 (*499, 509) (1860). Similarly, under sec. 273.04, Stats., 1973, the court may not order a receiver to collect exempt property. Sec. 273.04 imposes on a court commissioner the duty to make a good faith effort to ascertain the existence of other supplementary proceedings and other receiverships. Sec. 256.24, Stats., imposes liability on the commissioner for injuries resulting from a willful violation of any of these rules.

The plaintiff's complaint alleges that, in appointing Joseph G. Koll, Mr. Weinke willfully violated sec. 273.04,

Stats., 1973. It does not allege that such a cause of action is created by sec. 256.24, Stats., but public statutes like 256.24 need not be pleaded. *Horn v. The Chicago & Northwestern Railway Company*, 38 Wis. 463 (1875). Although Mr. Weinke contends that the plaintiff is estopped from challenging the appointment of a receiver which he consented to on the record, estoppel will support a demurrer only if the facts on which it is based appear on the face of the complaint. *Brogan v. State*, 214 Wis. 313, 252 N.W. 566 (1934). Although the "Stipulation and Order" is in the record, it is not a part of the complaint, and this court cannot take judicial notice of it for purposes of the demurrer. *Estate of Rosenstein*, 47 Wis.2d 494, 177 N.W.2d 372 (1970). The plaintiff's complaint pleads an ultimate fact which, if proved, will constitute a cause of action against Commissioner Weinke under sec. 256.24, Stats.; therefore, it was error for the trial court to have sustained this demurrer.

*Cause of Action Against William J. Egan*

In his cause of action against Dr. William J. Egan, Mr. Candee alleges that Dr. Egan obtained a judgment against him entered in Milwaukee County; that Dr. Egan caused receiver Joseph G. Koll to be appointed; and that in so doing Dr. Egan acted "in knowing and willful violation of sec. 273.04," causing the plaintiff to suffer damages in the amount of $500,000. Because the cause of action thus alleged is based solely on the violation of sec. 273.04, Stats., 1973, the complaint cannot be sustained on that ground alone. However, a complaint should be sustained as long as it expressly or by reasonable inference states *any* cause of action. *De Bauche v. Knott*, 69 Wis.2d 119, 230 N.W.2d 158 (1975). The plaintiff contends that, even if a violation of sec. 273.04 does

not create a cause of action against a judgment creditor, it supplies the element of willfulness necessary for a cause of action for wrongful procurement of a receiver.

The wrongful appointment of a receiver may render the litigant procuring such appointment liable in damages resulting from it. 75 C.J.S., *Receivers*, sec. 427–431 (1952). In *Cullen v. Landwehr*, 201 Wis. 247, 229 N.W. 68 (1930), this court stated that a litigant procuring the appointment of a receiver, where the appointment is unauthorized, may be held liable for his fees. However, as all of the cases cited by the plaintiff show, a cause of action for wrongful appointment of a receiver exists where a litigant obtains the appointment of a receiver when no grounds for the appointment existed. *See, e.g., Wagoner Oil & Gas Co. v. Marlow,* 137 Okla. 116, 278 P. 294 (1929) (receiver appointed pendente lite when there was no likelihood of recovery and no danger of irreparable loss) ; *Stella v. Mosele,* 305 Ill. App. 577, 27 N.E.2d 559 (1940) (receiver in a mortgage foreclosure improvidently appointed). Here the illegality of the appointment of Mr. Koll is not predicated on the fact that sufficient assets exist upon which the sheriff could have levied without the aid of the receiver. On the contrary, the plaintiff's claim against Dr. Egan presumes that a receiver of the nonexempt assets was needed to satisfy Dr. Egan's debt. The plaintiff's complaint is that the receiver who should have collected assets to be applied to the Egan judgment was the original receiver Mr. Edgarton, not Mr. Koll. Under these circumstances the plaintiff has no conceivable cause of action against Dr. Egan for wrongful procurement of a receiver, and the trial court properly sustained Dr. Egan's demurrer with prejudice.

*Cause of Action Against Receiver Joseph G. Koll*

The plaintiff alleges that Joseph G. Koll was appointed receiver of the property of the plaintiff "including, but not limited to all of the shares of stock of Bill's Sporting Goods, Incorporated"; that defendant Koll "knowingly and willfully acted in contravention of s. 273.04, Wis. Stats."; that as receiver he "did knowingly and willfully continue to operate as a going business the aforementioned Bill's Sporting Goods, Incorporated, without authority and in violation of the laws of . . . Wisconsin"; and that as a result "the plaintiff's property heretofore identified as Bill's Sporting Goods, Incorporated, lost value and was wasted all to the damage of . . . $500,-000.00."

A receiver appointed under sec. 273.04, Stats., 1973 can be given the power to take possession of the judgment debtor's assets in order to apply it to the judgment, but he cannot be vested with authority to operate the business of the judgment debtor as a going concern. *United States Rubber Products, Inc. v. Twin Highway Tire Co.,* *supra* at 241. The implication of such a rule is that a Chapter 273 receiver who operates an asset as a going business concern without authority can be liable for damages caused by his unauthorized control. Furthermore, a receiver to whom the judgment debtor has actually turned over possession or control of specific property acts as a trustee of that property for the benefit of both the judgment creditor and debtor and must exercise ordinary care to preserve the value of the property. 3 *Clark on Receivers,* sec. 392(c) (3d ed. 1959). If and when Mr. Koll took control of the plaintiff's stock, he had a duty to exercise ordinary care to preserve its value in disposing of it. In addition, if Mr. Koll took unauthorized control of the management of the corporation, the

corporation would have a cause of action against him to recover whatever damage to the corporate assets his wrongful control may have caused.

The plaintiff's complaint does not allege either of these causes of action. Though it alleges that a receiver was appointed for the plaintiff's property, it does not allege that this receiver took actual possession of Mr. Candee's stock. The complaint does not allege a diminution in the value of the plaintiff's shares. It alleges mismanagement of the business contrary to the powers of a receiver in aid of execution and waste of the corporate assets. However, the injury thus alleged belongs to the corporation and not to the plaintiff. The injury alleged would support a derivative suit but not a direct action by the plaintiff that is alleged in this complaint. *Rose v. Schantz,* 56 Wis.2d 222, 201 N.W.2d 593 (1972). The trial court correctly sustained the demurrer to the cause of action against Joseph G. Koll. Since it is conceivable that either a derivative or a direct cause of action could be alleged, the trial court correctly sustained the demurrer without prejudice.

### Cause of Action Against
### Associated Collectors of Shilling Service

The plaintiff's cause of action against Associated Collectors is based on the theory that it is liable for the torts of its agent Mr. Koll. The plaintiff alleges that Joseph G. Koll was appointed over all the property of the plaintiff "and as such was so appointed and conducted himself as an agent of the Associated Collector of Service Incorporated." A corporation can be held liable for the torts of its officers while acting within the scope of their

employment and committed in the course of their employment. 10 *Fletcher's Cyclopedia of the Law of Private Corporations,* sec. 4877 (Rev. ed. 1978). However, the complaint merely alleges that Mr. Koll is president of Associated Collectors and "conducted himself as an agent of Associated Collectors" in acting as receiver. The plaintiff contends that a trial will show Mr. Koll acted with "apparent authority" to bind Associated Collectors. However, concepts of apparent authority are used to bind the principal contractually. Corporate liability in tort, as alleged in this case, must be predicated on a theory of respondeat superior. To establish liability of the corporation in tort for the acts of its officers, the act complained of must be in the scope of the officer's authority and in the course of his employment. No such allegation is made. *Compare: Arsand v. City of Franklin,* 83 Wis.2d 40, 264 N.W.2d 579 (1978). The acts which the plaintiff contends will give rise to liability on the part of Associated Collectors are Mr. Koll's position as the president of Associated Collectors and his decision to direct all correspondence and notices concerning the Candee receivership to him at his business address at Associated Collectors. These allegations do not show that in acting as receiver for Mr. Candee's property Mr. Koll was acting within the scope of his employment as president of Associated Collectors. The plaintiff has no possible claim against Associated Collectors on a theory of respondeat superior, and the demurrer of Associated Collectors was properly sustained with prejudice.

### Cause of Action Against Kenneth Candee

The plaintiff's claim against Kenneth Candee is based on alleged damage to the corporate worth. In particu-

lar, the plaintiff alleges that Mr. Koll as receiver appointed Kenneth Candee to operate and manage Bill's Sporting Goods, Inc., as a going concern and that Kenneth Candee wasted the assets of the corporation resulting in damage to the plaintiff. The plaintiff can only assert such damage derivatively. *Rose v. Schantz, supra.* The trial court properly sustained the demurrer to the cause of action against Kenneth Candee.

*By the Court.*—That portion of the order sustaining the demurrers of William J. Egan, Robert V. Edgarton, Northwestern National Insurance Company, and Associated Collector of Shilling Service with prejudice and the demurrers of Joseph G. Koll and Kenneth Candee without prejudice is affirmed; that portion of the order sustaining the demurrer of Ervin A. Weinke is reversed and the cause remanded for further proceedings consistent with this opinion.