HOLTON, Appellant, vs. BURTON, Respondent.

*November 29 — December 16, 1890.*

*Debtor and creditor: Proceedings supplementary to execution: Voluntary assignment: Receivers.*

78 321
90 474
78 321
d99 168
78 321
L106 340
78 321
c107 174

1. The failure of a court commissioner, before whom supplementary proceedings are pending, to make a formal entry that the proceeding is adjourned to a particular day and hour, does not divest him of jurisdiction to proceed in the case upon proper notice.

2. The making of an order appointing a receiver in supplementary proceedings is a sufficient adjudication that the defendant has property or effects which he refuses to apply to the payment of his debts.

3. Circuit Court Rule XXVIII, sec. 4 (providing that no injunction granted in supplementary proceedings shall restrain the debtor from making the necessary assignment to obtain his discharge under the insolvent laws, unless an express provision to that effect is contained in the injunction), applies to an assignment for the benefit of creditors under ch. 80, R. S., as amended, as well as to an assignment under ch. 179, R. S.; and where such an assignment, not being expressly prohibited, is made before the creditor has acquired any specific lien upon the property under the supplementary proceedings, such proceedings are superseded thereby. In such a case, the appointment of a receiver after the making of the assignment, is *held* to have been properly set aside.

APPEAL from the Circuit Court for *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *T. W. Spence*.

TAYLOR, J. This was an appeal from an order of the circuit court of Milwaukee county, vacating and setting aside an order of J. F. LYON, court commissioner of Walworth county, appointing a receiver of the property and effects of the respondent in proceedings supplementary to execution.

The application of the respondent to the circuit court to set aside the order made by the court commissioner was founded upon the proceedings had before said commissioner, and upon the affidavit of T. W. Spence, one of the attorneys for the respondent. This affidavit shows, among other things, "that, on or about the 16th day of July, 1889, the said *John E. Burton,* to obtain his discharge under the insolvent laws of this state, made a voluntary assignment in due form of law, and in accordance with the statute in such case made and provided, of all his property of every kind and nature not exempt by law from execution, to one Gage E. Tarbell, for the benefit of his creditors." This affidavit shows that such assignment was made after the supplementary proceedings were commenced, and before the order appointing a receiver in such proceedings was made by the said commissioner. It also appears from the record that this fact was brought to the notice of the court commissioner before he made his order in the case.

The counsel for the respondent insist that this assignment, made by the respondent pending the proceedings supplementary to execution, not having been specially enjoined by the court commissioner before whom such proceedings were pending, puts an end to such proceedings supplementary, and when that fact was made to appear, either to the commissioner or the court, it was the duty of the commissioner or the court to suspend all further supplementary proceedings, and the appellant should thereafter seek his rights in the assignment proceedings.

Having come to the conclusion that it was proper for the circuit court to vacate and set aside the order appointing a receiver in such supplementary proceedings, when such assignment by the respondent was shown to have been made in due form of law, we shall not discuss at any length the contention of the learned counsel for the respondent that it appears on the face of the proceedings that the order of

the court commissioner was void for want of jurisdiction or for other cause. We will say, however, that we do not think that the want of a formal entry by the commissioner that the proceeding was adjourned to a particular day and hour divested the commissioner of all further power to proceed in the case, upon giving proper notice to the party of the time and place when he would so proceed to act. We do not see how the respondent was prejudiced by such want of an entry of adjournment when he is afterwards duly notified that the commissioner would proceed to act further in the case.

We are also of the opinion that the making of an order appointing a receiver in such proceedings is a sufficient adjudication, if such adjudication be necessary, that the defendant has property or effects which he refuses to apply to the payment of his debts. The statute under which these proceedings are had expressly provides that, "if it appear that any person alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, such interest or debt shall be recoverable only in an action against such person by the receiver." [R. S. sec. 3035.] In the case at bar, the only property in which the judgment creditor claimed that his debtor had an interest was shown to have been claimed by other persons, and could only be made applicable to the payment of his judgment after, in an action by the receiver, it had been adjudged that such property should be subjected to the payment of his judgment. In such case, it would seem not only unnecessary that the court commissioner should adjudge that such property so claimed by a third party was subject to the payment of the plaintiff's judgment, but it would be improper to do so, as the judgment could not bind such third party, and might prejudice his defense in an action by the receiver.

We, however, place our decision in this case on the ground that it was the plain duty of the circuit court to set aside the order of the commissioner appointing a receiver, when it was made to appear that the debtor had made a lawful voluntary assignment of his property for the benefit of all his creditors. It is the policy of the law to uphold any lawful proceeding by which the assets of an insolvent debtor may be distributed in equal *pro rata* shares to his creditors, and to enforce such disposition of his property in every case when the particular creditor has not acquired a valid lien upon the property of such insolvent before proceedings for such distribution are instituted. Circuit Court Rule XXVIII, sec. 4, which is a rule regulating creditors' actions, supplemental proceedings, and receivers, prescribes that "no injunction granted in such action or proceeding shall be construed to prevent the debtor from receiving and applying the proceeds of his subsequent earnings to the support of himself or his family, or to defray the expenses of the action, or to prevent him from complying with any order of the court, made in any other cause, to assign and deliver his property and effects to a receiver, *or to restrain him from making the necessary assignment to obtain his discharge under the insolvent laws, unless an express provision to that effect is contained in the injunction.*" In the case at bar, it is admitted that the injunction order in the supplementary proceedings before the commissioner did not expressly prohibit an assignment for the benefit of creditors under the laws of this state. The question of importance, therefore, in this case is as to the effect of such assignment, when made, upon such supplementary proceedings.

It is insisted by the learned counsel for the appellant that the words in the rule above quoted, "to restrain him from making the necessary assignment under the insolvent laws," should not be construed to cover a voluntary assignment under ch. 80, R. S., as amended by ch. 385, Laws of 1889,

Holton vs. Burton.

because the only insolvent law in force in this state at the time such rule was published was ch. 161, R. S. 1858, and now ch. 179, R. S. 1878, as amended by subsequent acts, and, as it is clear that the assignment made in this case was not made under this last chapter, it was not protected by the rule quoted, and could therefore have no effect upon the supplementary proceedings. It was decided by this court, in the case of *Sexton v. Mann,* 15 Wis. 162, that after proceedings were commenced by an insolvent under said ch. 161, R. S. 1858, and before the debtor had made any assignment under said act, the circuit court would enjoin any creditor from instituting supplementary proceedings against him upon a judgment which had been obtained before such insolvency proceedings were commenced. It is true, in that case the supplementary proceedings were commenced a few days after the insolvent had filed his petition but before he had made an assignment under the law. In that case the present chief justice says, speaking of ch. 161, R. S. 1858: "We are of the opinion that its object and intent were to dedicate all the insolvent's estate to the common benefit of the creditors, upon the principle that equality is equity. This being the policy of the law, it would manifestly be unjust to permit one creditor, by superior diligence, to gain an advantage over others through the aid of supplementary proceedings."

After the decision in this case, and in 1876, the rule in question was published. At the time it was published it clearly covered an assignment which might be made under the insolvent law referred to in said decision, viz., ch. 161, R. S. 1858, and we think it is fairly inferred that, when such an assignment is not specially enjoined in the supplementary proceedings, an assignment made pending such proceedings, and before the court in such proceedings has ordered any of the property of the debtor to be applied to the payment of the creditors' judgment, and before a re-

ceiver has been appointed in such proceedings, will convey to the assignee in such insolvent proceedings all the property of the insolvent debtor mentioned and described in his petition and schedule for the benefit of his creditors; and should therefore bar any further proceedings in such supplementary proceedings, as to such property, in favor of the more equitable rule for the distribution of the estate of the insolvent debtor among his creditors. Under said ch. 179, R. S. 1878, if any creditor claims that the debtor has not assigned all his property, or has conveyed any part thereof, with intent to defraud his creditors, that question can be tried in such insolvent proceedings, and, if found to be true, will prevent his discharge. Whether a receiver might be appointed in supplementary proceedings, for the purpose of recovering property not scheduled and assigned to the assignee in proceedings under said ch. 179, R. S. 1878, need not be determined in this case, as the receiver was not limited in his authority to such property in this case, and the assignment made by the respondent was not made under said chapter 179. We are of the opinion that the language of the rule should be held to cover an assignment made under ch. 80, R. S. 1878, and the amendments made thereto by ch. 349, Laws of 1883; ch. 292, Laws of 1885; ch. 48, Laws of 1885; ch. 451, Laws of 1887; ch. 194, Laws of 1879; ch. 70, Laws of 1882; ch. 170, Laws of 1882; ch. 548, Laws of 1887; ch. 240, Laws of 1883; and ch. 385, Laws of 1889.

Ch. 80, R. S. 1878, as amended by the laws above cited, is now an insolvent law under which the insolvent debtor may be discharged from his debts, at least as to the creditors residing in this state. Under an assignment made under said ch. 80, the assignee has far greater powers than the assignee, or even the court, under the proceedings provided for in ch. 179, R. S. 1878. The amendments made to said ch. 80, by ch. 349, Laws of 1883, and ch. 292, Laws of 1885, greatly enlarge the powers of the assignee. Ch. 349,

Laws of 1883, declares that certain judgments and execu-
tions levied within sixty days prior to such assignment shall
be void, as well as other securities given within said time,
when made in contemplation of such assignment; and
ch. 292, Laws of 1885, gives the assignee all the rights and
powers of a creditor to subject to the payment of the debts
of the creditors all property which the assignor may have
conveyed or transferred with intent to defraud his creditors
previous to making his assignment, and also reserves the
right to the creditors to proceed in certain cases, in the
name of the assignee, to secure such property, but for
the general benefit of all the creditors; and ch. 385, Laws
of 1889, provides for the discharge of the debtor from his
debts, when he shall have in all things complied in good
faith with the provisions of said ch. 80, R. S., as amended.

A fair construction of the rule of court above quoted, in
view of the reasons which called for its adoption, makes it
clearly applicable to an assignment now made under said
ch. 80, R. S., as amended.   The reasons for applying it to
an assignment under this chapter are much greater than
for its application to an assignment made under ch. 179,
R. S.; since under the last chapter the assignee can only
sell and apply to the payment of the assignor's debts the
property mentioned in the petition and schedule made by
the assignor, but under ch. 80, as amended, the assignee not
only takes all the property of the assignor mentioned in his
assignment, but also all other property and effects of the
debtor which the creditors would have the right, either in
law or equity, to apply to the payment of their debts.   There
is no good reason, therefore, why the creditor should not
proceed, under the assignment, to subject the debtor's as-
sets not mentioned in his assignment, to the payment of his
debts, rather than to proceed by an independent supple-
mentary proceeding under the statute, especially in a case
where the creditor has not acquired any specific lien upon
such unassigned property before the assignment is in fact

made. We think the clear intent of the rule and the statutes is to suspend all independent proceedings in supplementary proceedings by individual creditors, when an assignment is made under ch. 80, R. S., as well as under ch. 179, R. S., when such assignment is made before the creditor has acquired any specific lien upon property under such proceedings, and thereafter the creditors must proceed, in the circuit court in which the assignment proceedings are pending, to settle and distribute all the legal and equitable assets of the debtor equally among the creditors.

Whether a creditor might not make such a showing, in the supplementary proceedings, as would justify the court or judge in enjoining an assignment under ch. 80, need not be considered in this case, as there is no pretense that any such injunction was asked for or granted. It must be understood that the right to institute and carry on supplementary proceedings is a mere statutory right, and may be taken away or modified at the pleasure of the legislature. If, therefore, it must be fairly inferred under the law and the rules of the court that it was intended that this right should be superseded in certain cases, there is no injustice done to the creditor in holding that they are superseded in such cases. It may be urged that the creditor may subject himself to costs and expenses in pursuing this remedy, not knowing that any assignment was contemplated by the debtor; but that cannot change the rule if the law permits the assignment and such assignment supersedes such proceedings. He had no more right to complain than the creditor who proceeds to take judgment by confession, and issues execution upon the same, when such judgment and execution are entered and issued within sixty days before the date of the assignment. The creditor proceeds in such case at the risk of having his judgment rendered void and of no effect, if an assignment be in fact made within the sixty days.

*By the Court.*— The order of the circuit court is affirmed.