ALEXANDER, Receiver, Respondent, vs. WALD and others, Defendants: SCHMIDT, Trustee in bankruptcy, Intervening Defendant and Appellant.

*May 10—June 6, 1939.*

For the appellant there was a brief by *Carl H. Juergens,* and oral argument by *Mr. Juergens* and *Mr. Geo. F. Sieker,* both of Milwaukee.

*Samuil Nissenbaum* of Milwaukee, for the respondent.

FAIRCHILD, J.   There is presented in this case a question as to whether possession of certain property recovered in this action should be delivered to a receiver appointed by a court of this state or to a trustee in bankruptcy appointed by a federal court.   The receiver was appointed in supplementary proceedings which were commenced more than four months before the debtor filed his petition in bankruptcy. The trustee was appointed before the action to set aside was brought to trial.   Each now contends that the court of his appointment has jurisdiction over the property.   The question is whether, under the circumstances, the federal court ousts the state court.

On January 28, 1937, the plaintiff obtained a judgment against Alex Wald.   Execution was returned unsatisfied. In February supplementary proceedings were begun and the debtor was subjected to a discovery examination.   On April 24th the court appointed a receiver and authorized him to commence a creditor's action, which he did on July 22, 1937, his complaint describing a real-estate mortgage, a chattel mortgage, and certain personal property, all of which was alleged to have been transferred with intent to hinder, delay,

and defraud creditors. On December 23d, before this action was brought to trial, the debtor filed a petition in bankruptcy and a trustee was appointed. He was joined as an intervening defendant in the action to set aside.

When this action came on for trial on May 23, 1938, the court held that certain of the property described in the complaint had been transferred in fraud of creditors and that it was property of the debtor. Both the receiver and the trustee demanded possession. The court concluded that the bankruptcy proceedings had not displaced the lien acquired by the receiver upon his appointment, and adjudged that he was entitled to possession of the property.

As a general rule, when a court has acquired jurisdiction of a debtor in proceedings for the enforcement of demands of his creditors, and has appointed a receiver of his property, interference by another court is permitted only under exceptional circumstances. The proceedings in the present action were in conformity with the provisions of ch. 273, Stats., relating to remedies supplementary to execution. After the creditor obtained judgment and an execution had been returned unsatisfied, the debtor was examined as provided in sec. 273.03, and it was discovered that he had transferred property in fraud of creditors. A receiver was appointed as provided in sec. 273.04, and he commenced this action to recover the property in accordance with sec. 273.08.

It is contended by the respondent that the receiver acquired a lien upon the property before the debtor filed his petition in bankruptcy. This contention must be sustained under the rule of *Kellogg v. Coller* (1879), 47 Wis. 649, 3 N. W. 433. It was there held that such proceedings are a substitute for a creditor's bill in equity and are subject to the same rules of law. One of these rules is that the creditor who files his bill and obtains first service of the subpoena upon the judgment debtor thereby obtains a prior lien upon the equitable assets of the debtor.

Section 67f of the Bankruptcy Act of 1898, 11 USCA, § 107 (f), provides that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt. This clearly implies that liens so obtained more than four months prior to the filing of a petition shall remain in force. The words "obtained through legal proceedings" were not, as the appellant contends, calculated to raise a distinction between liens obtained in actions at law and those obtained by suits in equity. They were intended to leave to the debtor during the four months' period an opportunity to obtain financial aid and give proper security therefor. *In re Richards* (7th Cir. 1899), 96 Fed. 935, 942. If there was any ambiguity in the statute, it was corrected by the Chandler Act of 1938 which changed the wording to "legal or equitable process." 11 USCA, § 107.

In *Metcalf v. Barker* (1902), 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, the supreme court of the United States considered the effect of section 67f in a case in which there was a conflict of jurisdiction between a state court entertaining a creditor's bill and a federal district court in which bankruptcy proceedings had been started. It was held, (1) that the filing of a creditor's bill and service of process creates a lien in equity on the judgment debtor's equitable assets; (2) that section 67f does not nullify such a lien, even though it was perfected by judgment after the beginning of the four months' period; and (3) that the state court retains jurisdiction over the property. This rule was followed by a state court in *Blick v. Nimmo* (1913), 121 Md. 139, 88 Atl. 116. The doctrine of *Metcalf v. Barker* was again stated and relied upon by the United States supreme court in *Straton v. New* (1931), 283 U. S. 318, 51 Sup. Ct. 465, 75 L. Ed. 1060.

By a comparison of dates it appears that more than four months before institution of bankruptcy proceedings control of the property in question was taken by the state court from Alex Wald and given to the receiver. The trustee in bankruptcy has the rights of a judgment creditor whose remedies are postponed by the prior lien of a receiver.

*By the Court.*—Judgment affirmed.