**In re BADGER LINES, INC., Debtor.**

**Bankruptcy No. 92–20872–JES.**

United States Bankruptcy Court,
E.D. Wisconsin.

Aug. 21, 1996.

935

Douglas F. Mann, Milwaukee, WI, Supplementary Receiver for Emerald/Fruehauf.

Robert L. Mann, Milwaukee, WI, for Douglas F. Mann.

Robert M. Waud, Chapter 7 Trustee, Milwaukee, WI.

David W. Asbach, Office of the United States Trustee, Milwaukee, WI.

Bernard O. Westler, Milwaukee, WI, for Wisconsin Health Fund.

936

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

This case was remanded to this court by The Honorable Myron L. Gordon, United States district judge, to address the issues of whether perfection of a state court supplementary receiver's lien is required after its creation and, if so, how perfection is accomplished. The determination of these issues shall dictate how the proceeds now being held in the bankruptcy estate are to be distributed to creditors.

## BACKGROUND

The debtor, Badger Lines, Inc. ("Badger"), incurred a debt to Emerald Industrial Leasing Corporation ("Emerald"). Emerald obtained a default judgment against Badger on September 20, 1991 for $82,120.26.

On October 21, 1991, Court Commissioner James Hemmer ordered Badger to appear for a supplementary examination in connection with the judgment granted to Emerald. The order to appear was served on October 30, 1991, and a supplementary examination was conducted of James Buchmeier, president of Badger, on November 12, 1991. On December 17, 1991, Court Commissioner Hemmer appointed Douglas F. Mann as supplementary receiver on behalf of Emerald and ordered Badger to turn over its assets to the receiver within ten days.

On February 11, 1992, Badger filed a voluntary bankruptcy petition under chapter 7, and Robert M. Waud was appointed trustee of the bankruptcy estate. Waud liquidated Badger's assets and is currently holding $46,785.12, together with interest which has since accrued, on behalf of the bankruptcy estate.

On March 16, 1992, Mann filed a proof of claim in this bankruptcy estate as a secured claim, asserting a receiver's lien.[1] On April 25, 1995, Mann filed a turnover motion for recovery of the proceeds held by Waud. Wisconsin Health Fund, a priority lien claimant, and the United States Trustee have joined the bankruptcy trustee in opposing Mann's turnover motion.

On October 25, 1995, this court decided that the Emerald lien was created upon Mann's appointment as supplementary receiver and that, because the appointment was made within the 90–day preference period, the lien, when created, constituted a preferential transfer and was not valid as against the bankruptcy trustee. This decision was appealed to the district court and reversed. Judge Gordon ruled that, under *Kellogg v. Coller*, 47 Wis. 649, 3 N.W. 433 (1879), the supplementary receiver's lien was created not upon such receiver's appointment date, but upon the earlier date of service of the subpoena upon Badger ordering it to appear for the supplementary examination. Judge Gordon analyzed the Wisconsin case law which followed *Kellogg v. Coller* (citing *Alexander v. Wald*, 231 Wis. 550, 286 N.W. 6 (1939) and *Candee v. Egan*, 84 Wis.2d 348, 267 N.W.2d 890 (1978)) and concluded that the law had not changed in this regard. Because service of the subpoena for Badger to appear for the supplementary examination was made on October 30, 1991, more than 90 days before the filing of the bankruptcy petition, he also determined that the creation of the Emerald lien was not a preferential transfer. Judge Gordon then remanded this case to this court for further proceedings consistent with his decision and order. He declared that nothing in his decision was determinative of the respective interests of the supplementary receiver and the chapter 7 trustee.

## DISCUSSION

11 U.S.C. § 547(b) of the Bankruptcy Code makes certain transfers by a debtor avoidable as preferences. In *In re Rude*, 122 B.R. 533, 535 (Bankr.E.D.Wis.1990), this court listed the following six elements of a preference under § 547(b):

1. A transfer of property of the debtor,
2. To or for the benefit of a creditor,
3. On account of an antecedent debt,
4. Made within 90 days of bankruptcy,
5. While the debtor is insolvent, and

---

1. Wherever reference is made in this decision to "receiver's lien," "Mann's lien," "Emerald lien," or "supplementary receiver's lien," all such references are to the lien held by Mann as supplementary receiver on behalf of Emerald.

6. With the effect of giving the creditor a greater return on his debt than would have been the case had the transfer not taken place and had there been a distribution under the liquidation provisions of the Code.

Only the first and fourth elements are in issue in this case.

11 U.S.C. § 101(54) defines a transfer as:

... every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

The definition of "transfer" is worded as broadly as possible. S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5813; *Matter of Freedom Group, Inc.,* 50 F.3d 408, 410 (7th Cir.1995). The act of perfecting is a transfer. *In re P.A. Bergner & Co. Holding Co.,* 187 B.R. 964, 983 (Bankr.E.D.Wis.1995); *In re McLaughlin,* 183 B.R. 171, 174 (Bankr. W.D.Wis.1995). "Although 'perfection' in the UCC refers to security interests, the term is not so limited in § 547(e)." *Global Distribution Network, Inc. v. Star Expansion Co.,* 949 F.2d 910, 913 (7th Cir.1991). Perfection of interests in personal property for purposes of § 547(b) occurs "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B). It is therefore essential to determine at what point in time the supplementary receiver's lien became paramount over any intervening competing interests and whether such point in time occurred within the 90–day preference avoidance period.

A distinction must be drawn between *creation* of a lien and *perfection* of a lien. Here, as established by Judge Gordon's ruling, the receiver's lien was created outside of the 90–day preference period. Perfection, however, is another matter. If no additional steps are necessary for perfecting such lien after the creation of the lien, the receiver's lien is complete, or "self-perfecting," and Mann's supplementary receiver lien would not be voidable. On the other hand, if additional steps are required to be taken after creation of this lien to complete perfection and those steps either were not taken in this case or were taken within the 90–day preference period, then Mann's supplementary receiver's lien is unperfected and voidable by the trustee.

Mann argues that his lien is superior over the interest of Trustee Waud because, upon creation of his lien, no further steps are mandated for perfection by any Wisconsin statute or Wisconsin case law. Waud, on the other hand, joined by the United States Trustee and Wisconsin Health Fund, asserts that until additional steps for perfection had been accomplished, the supplementary receiver's lien was only inchoate and would not trump Waud's interest as trustee.

■ This court recognizes that some liens, upon creation, are choate and therefore valid against all subsequent competing interests. Actual delivery of tangible personal property to a creditor is one example of such self-perfecting liens. 4 *Collier on Bankruptcy* § 547.16, at 547–76 (Lawrence P. King, et al. eds. 15th ed. 1996). Self-perfection can also be specifically declared by statute. See, for example, Wis.Stat. § 779.89 (1994) (pre-paid maintenance liens). Recently, Wis.Stat. § 409.302(1)(d) (1994) was amended to provide that no UCC financing statement is required to perfect a purchase money security interest in any consumer goods. 1995 Wis. Act 449 § 94m (effective August 1, 1996). The Wisconsin legislature chose to make these liens self-perfecting. In contrast, there is no statute making a supplementary receiver's lien self-perfecting. This court must determine if the supplementary receiver's lien was perfected upon its creation or at some later point in time.

■ Generally, state law determines the property interests of the parties, including any perfection requirements for liens. *Butner v. U.S.,* 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *In re Conner,* 733 F.2d 1560, 1562 (11th Cir.1984); *In re Hollo-*

*way*, 132 B.R. 771, 773 (Bankr.N.D.Okla. 1991); 1 *David G. Epstein et al., Bankruptcy* § 6–12; *In re Hilde*, 189 B.R. 776, 780 (9th Cir. BAP 1995); and *In re Loken*, 175 B.R. 56, 60–61 (9th Cir. BAP 1994). Federal law, more precisely 11 U.S.C. § 547, determines the status of the interests for preference avoidance purposes.

No statute or case law in Wisconsin deals with perfection of a supplementary receiver's lien. *Kellogg v. Coller, Alexander v. Wald* and *Candee v. Egan* only decided when a supplementary receiver's lien is created; perfection was not discussed. The Wisconsin decision of *Holton v. Burton*, 78 Wis. 321, 47 N.W. 624 (1890), while not directly on point, is, nonetheless, instructive and serves as a guidepost. The date of the appointment of the supplementary receiver controlled the outcome in *Holton v. Burton*. Supplementary proceedings had been commenced on behalf of a particular creditor; before a court commissioner appointed a supplementary receiver, an assignment for the benefit of the general creditors was filed. *Id.* at 322, 47 N.W. 624. The Wisconsin Supreme Court ruled, under those circumstances, that the general assignment for the benefit of creditors prevailed over the earlier commenced supplementary proceedings and that the receiver's lien which ultimately arose out of the supplementary proceedings was not a "valid lien." *Id.* at 324, 47 N.W. 624. *Alexander v. Wald*, 231 Wis. at 552, 286 N.W. 6, also placed importance upon the date of appointment of the supplementary receiver. In that case, the court noted that the supplementary receiver had been appointed more than four months before the debtor filed his petition in bankruptcy, thereby precluding the bank-

ruptcy trustee from attacking such transfer as a preference. *Id.* at 554, 286 N.W. 6.

■ The lack of any explicit Wisconsin precedent on this issue does not necessarily mean that no further perfection is required after the supplementary receiver's lien had been created. Wisconsin's supplementary proceedings law is based upon that of New York,[2] where the courts have directly confronted this issue. *In re Neptune Ave. & Emmons Ave.*, 165 Misc. 309, 299 N.Y.S. 736 (N.Y.Sup.Ct.1937), held that a judgment creditor acquired a lien by service of the order for supplementary examination, which is consistent with Judge Gordon's ruling in the instant case. *Neptune Ave. & Emmons Ave.* then recognized the difference between creation of a lien and perfection of a lien. The New York court asserted that, in order to perfect this lien, the lien claimant must either obtain a turnover order or procure the appointment of a supplementary receiver. Until then, the lien is "inchoate merely and is not perfected...." *Id.*, 299 N.Y.S. at 741. A more recent New York case adopted the reasoning of *Neptune Ave. & Emmons Ave.* and concluded that a receiver's lien was not valid against a levying creditor where a receiver had not been appointed and a turnover order had not been issued. *In re Livingston*, 30 Misc.2d 71, 211 N.Y.S.2d 897, 900 (N.Y.Sur.1961). This New York case authority is compelling, in light of the similarities in the New York and Wisconsin statutes on supplementary proceedings. Until a supplementary receiver is actually appointed and/or a turnover order for specific assets is issued, the supplementary receiver's lien is unperfected.[3]

**2.** Wisconsin adopted its first code of procedures from New York's Field Code in 1856. *See Gould v. Jackson*, 257 Wis. 110, 113, 42 N.W.2d 489, 490 (1950); *Theuerkauf v. Schnellbaecher*, 64 Wis.2d 79, 85, 218 N.W.2d 295, 298 (1974). The Field Code included statutes presently used in Wisconsin Chapter 816. *See* Wisconsin Laws of 1856, Ch. 120, §§ 204–10; *see also* Robert S. Moss, *Supplementary Proceedings in Wisconsin*, 28 Marq.L.Rev. 49, 51 (1939).

**3.** It is not clear from the New York decisions in *Neptune Ave. & Emmons Ave.* and *Livingston* if

both the appointment of a supplementary receiver and turnover order or if either of these requirements satisfies perfection in New York. In the case at bar, it is a moot point, since Mann's appointment as supplementary receiver and the turnover order arising out of the supplementary proceedings both occurred on December 17, 1991—within the 90-day preference avoidance period. Whether these steps are all that are required to satisfy perfection of the supplementary receiver's lien in Wisconsin need not be addressed here.

The supplementary receiver has cited *In re Prior,* 176 B.R. 485 (Bankr.S.D.Ill.1995), as authority to support his contention that a non-consensual receiver's lien requires no further steps for perfection after such lien has been created. *Prior* involved the Illinois statute governing supplementary proceedings. 735 I.L.C.S. 5/2–1402 (1994). The law in Illinois dealing with this statute is far from clear. *In re T.M. Sweeney & Sons LTL Services, Inc.,* 120 B.R. 101 (Bankr.N.D.Ill. 1990), and *In re Lifchitz,* 131 B.R. 827 (Bankr.N.D.Ill.1991), directly conflict with *Prior. Sweeney* and *Lifchitz* hold that, under this statute, although service upon the debtor of the citation summons creates the lien, a turnover order of discovered assets must be entered for perfection. *Contra, Farm Credit Bank of St. Louis v. Lucas,* 152 B.R. 244 (C.D.Ill.1993), *rev'd on other grounds,* 18 F.3d 413 (7th Cir.1994). The lesson learned from these diverse decisions is that the law in Illinois is, as was observed in *General Tel. Co. v. Robinson,* 545 F.Supp. 788, 793 (C.D.Ill.1982), and in *Lifchitz,* 131 B.R. at 833, "muddled."

█ The date of perfection cannot be moved back to when the receiver's lien was created under the "relation back" doctrine in order to withstand a preferential attack. The date of perfection, for purposes of applying § 547, is controlled specifically and solely by § 547(e)(2). *In re Holloway,* 132 B.R. 771, 773 (Bankr.N.D.Okla.1991); *In re Rude,* 122 B.R. 533, 538 (Bankr.E.D.Wis.1990); *In re Walker,* 77 F.3d 322, 323 (9th Cir.1996); and *In re Loken,* 175 B.R. 56, 60 (9th Cir. BAP 1994). If perfection had taken place within ten days of the creation of the lien, then, under § 547(e)(2)(B), the transfer would have been deemed to have occurred when the lien was created. However, because the supplementary receiver's lien was created on October 30, 1991 and was perfected on December 17, 1991, outside the 10–day relation back period, the transfer is deemed to have occurred on the December 17, 1991 perfection date.

█ Self-perfecting, and therefore secret, liens should be the exception, not the rule. Long ago, the Wisconsin Supreme Court in *Wilson v. Rudd,* 70 Wis. 98, 104, 35 N.W. 321 (1887), declared that "The law does not favor secret liens in favor of anyone." Secret liens can only produce uncertainty for potential, unsuspecting creditors, and a policy has developed in the commercial world which frowns upon secret liens. *Matter of Einoder,* 55 B.R. 319, 328 (Bankr.N.D.Ill.1985). This court is of the opinion that a Wisconsin court would find that Mann's lien is not self-perfecting and that, if perfected, such perfection occurred within the preference avoidance period.

█ One of the stipulated issues to be addressed by this court is the effect, if any, of the two-year statute of limitations under 11 U.S.C. § 546(a). Under the version of § 546(a) applicable here,[4] an action for recovery of a preference may not be commenced more than two years after the appointment of a chapter 7 trustee. Trustee Waud did not commence a preference avoidance action, and the two-year statute of limitations under § 546(a) has expired. The question is whether § 546(a) now bars Waud from using his avoidance powers.

The majority view holds that § 546(a) does not bar a defensive reliance by the trustee. *In re Coan,* 96 B.R. 828, 831 (Bankr.N.D.Ill. 1989); *In re Stoecker,* 143 B.R. 118, 128 (Bankr.N.D.Ill.1992); *Matter of Mid Atlantic Fund, Inc.,* 60 B.R. 604, 610 (Bankr.S.D.N.Y. 1986); *In re KF Dairies, Inc.,* 143 B.R. 734, 737 (9th Cir. BAP 1992); and *In re McLean Industries, Inc.,* 184 B.R. 10, 14–15 (Bankr. S.D.N.Y.1995), *aff'd,* 196 B.R. 670 (S.D.N.Y. 1996).

The minority position is that, where the two-year statute of limitations had expired, a trustee can no longer challenge the validity

---

4. On October 22, 1994, § 546(a) was amended by the Bankruptcy Reform Act of 1994, Pub.L. 103–394. It now provides that preference actions must begin within two years of the order for relief or one year after the appointment of a trustee, whichever is later. The amended version, however, only applies to cases filed after that date and does not apply in this case.

of the lien as a preference for any purpose. *Marketing Resources Intern. Corp.*, 35 B.R. 353, 356 (Bankr.E.D.Pa.1984).

This court aligns itself with the majority view. A careful reading of § 546(a) leads to the conclusion that § 546(a) only applies where a bankruptcy trustee is seeking recovery of money or property as a preferential transfer. That is not what is involved in this case, where Waud is using his avoidance powers under § 547 defensively.

### CONCLUSION

No authority exists in Wisconsin, either by statute or case law, which directly deals with whether perfection of a state court supplementary receiver's lien is required after such lien is created and, if so, how such perfection is accomplished. New York, upon which Wisconsin's supplementary proceeding statute is based, has addressed this precise issue and holds that such lien is not self-perfecting. Under New York law, which Wisconsin courts would follow. as persuasive authority, appointment of a supplementary receiver and/or the obtaining of a turnover order must occur before a supplementary receiver's lien is valid against a creditor on a simple contract who acquires a judicial lien. Until then, the supplementary receiver's lien is inchoate and not perfected. From a bankruptcy perspective, the New York rulings make sense and are in accord with the policy against secret liens. Because Mann's appointment as a supplementary receiver on behalf of Emerald and the turnover order issued by Court Commissioner Hemmer both occurred on December 17, 1991—within the 90–day preference period—the supplementary receiver's lien constitutes an avoidable preference and is subordinate to the interest of Trustee Waud as a preference.

5. Fruehauf Trailer Corporation, another creditor, also obtained a default judgment against Badger, and Mann had been appointed supplementary receiver on behalf of Fruehauf. This court's reasoning in its consideration of the Emerald lien applies with equal force to the Fruehauf lien. As a result, Fruehauf, like Emerald, holds a general unsecured claim. The Fruehauf lien was created on November 14, 1991 and was later perfected

Mann's interest is therefore relegated to the status of a general unsecured creditor, and his motion for turnover is denied.[5]

on November 19, 1991, when Mann was appointed receiver on behalf of Fruehauf. Because Mann's appointment occurred within the 10–day relation back period, under § 547(e)(2)(B), the effective perfection date then became November 14, 1991. Because November 14, 1991 was 89 days before the petition in bankruptcy was filed, the Fruehauf lien is an avoidable preference and subordinate to the interest of Trustee Waud.