In **BADGER LINES, INC.,** Debtor.

No. 96–C–1135.

United States District Court,
E.D. Wisconsin.

March 13, 1997.

**522**

David W. Asbach, Office of U.S. Trustee, Robert M. Waud, Waud Law Office, Bernard O. Westler, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, WI, for appellee.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me for the second time. The debtor, Badger Lines, Inc. ["Badger"], filed a voluntary petition under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 701 et seq., on February 11, 1992, in the United States bankruptcy court for the eastern district of Wisconsin and the case was assigned to United States (now Chief) Bankruptcy Judge James E. Shapiro. Robert M. Waud was appointed as trustee of the estate [the "chapter 7 trustee"]. In April 1995, the chapter 7 trustee issued a final report seeking distribution of the remaining funds in the estate—$46,785.12—to lien and priority creditors.

On April 29, 1995, Douglas F. Mann, a supplementary receiver [the "receiver"] appointed by a state court commissioner pursuant to Wis. Stats. § 816.04 for creditor Emerald Industrial Leasing Corporation ["Emerald"] filed a motion seeking a turnover of funds of Badger's estate on the ground that he was the holder of a judicial lien under 11 U.S.C. § 101(36) which was prior and superior to all of the lien and priority creditors listed in the final report of the chapter 7 trustee.

By decision and order of October 25, 1995, Judge Shapiro denied the motion of the receiver. The matter first came before me on appeal of the receiver from that decision. By decision and order of March 12, 1996, I reversed the decision of Judge Shapiro which held that the date of *appointment* controls when determining the creation of a receiver's lien, and that because such date was within 90 days of the debtor's filing of his bankruptcy petition, the lien could be avoided as a preferential transfer under 11 U.S.C. § 547(b). Instead, I found that the date of *service* on the debtor of the subpoena to appear at the supplementary examination controlled for purposes of determining the effective date of the receiver's lien which date was outside of the 90–day preference period. 11 U.S.C. § 547(b). In addition, I remanded the action to the bankruptcy judge for purposes of determining whether the receiver's lien had to be perfected after its creation, and, if so, whether perfection had been accomplished.

On remand, the bankruptcy judge's analysis of the receiver's motion for a turnover of funds involved four issues: (1) whether perfection of a supplementary receiver's lien is required for the lien to attach to the debtor's property; (2) if perfection is required, how and when is it accomplished; (3) did perfection in this case constitute a "transfer" within the meaning of 11 U.S.C. § 547(b); and (4) whether the statute of limitations contained in 11 U.S.C. § 546(a) bars the chapter 7 trustee from using the preference provisions of 11 U.S.C. § 547(b) in a defensive manner to defeat the lien claim of the receiver. *In re Badger Lines, Inc.*, 199 B.R. 934 (Bankr. E.D.Wis.1996).

After determining that the issue of perfection of a receiver's lien was an issue of first impression under Wisconsin law, the bankruptcy judge determined that perfection of the receiver's lien is required and that perfection is accomplished through the appointment of a supplementary receiver and/or the obtaining of a turnover order. *Id.* at 938. Applying his conclusion to the facts at hand, Judge Shapiro found that the appointment of the receiver in this case and the turnover order issued by Wisconsin Court Commissioner James Hemmer both occurred on December 17, 1991, which was within the 90–day preference period. *Id.* at 939. Judge Shapiro also determined that perfection of

the receiver's lien constituted a "transfer" under 11 U.S.C. § 547. *Id.* As to the final issue, the bankruptcy judge concluded that the statute of limitations for avoidance actions under 11 U.S.C. § 546 applies only where a bankruptcy trustee initiates such a proceeding and does not bar the bankruptcy trustee from relying on the preference statute—11 U.S.C. § 547(b)—in a defensive manner. *Id.* at 940.

On appeal, the receiver challenges virtually every aspect of Judge Shapiro's decision. The chapter 7 trustee and the United States trustee [collectively, "the appellees"] have each filed a brief in support of the decision of the bankruptcy judge. The Wisconsin Health Fund [the "fund"] which is a chapter 7 priority creditor has joined in the brief filed by the appellees but has not filed its own brief.

On appeal of a judgment of a bankruptcy court, I am obligated to "affirm, modify, or reverse [the] judgment . . . or remand for further proceedings." Bankruptcy · Rule 8013. Factual findings of the bankruptcy court are to be reviewed under a clearly erroneous standard, but conclusions of law are to be reviewed de novo. *Matter of Bonnett*, 895 F.2d 1155, 1157 (7th Cir.1989); Bankruptcy Rule 8013.

## I.  FACTUAL BACKGROUND

The following facts are based on the stipulation of the parties. Emerald commenced an action against Badger on September 20, 1991, in the circuit court for Milwaukee county. A default judgment was entered in favor of Emerald against Badger in the amount of $82,120.26 on October 18, 1991.

An order directing Badger to appear before Court Commissioner Hemmer for a supplementary proceeding in connection with the judgment obtained by Emerald was entered on October 21, 1991, and served on the debtor on October 30, 1991. The order directing Badger to appear also contained a provision enjoining and restraining Badger from transferring or disposing of its assets. On November 13, 1991, the order directing Badger to appear before the court commissioner was filed with the clerk of circuit court for Milwaukee county.

The order appointing the receiver on behalf of Emerald was entered on December 17, 1991, and served on Badger's president on December 23, 1991. This order also directed Badger .to turn over its assets within 10 days and enjoined and restrained Badger from transferring any non-exempt assets.

After Badger filed its voluntary bankruptcy petition under chapter 7 on February 11, 1992, the receiver filed a proof of claim asserting a receiver's lien against the bankruptcy estate on behalf of Emerald.

Badger is a party to a collective bargaining agreement with the Teamsters Union, Local 200 which requires contributions to the Milwaukee Area Truck Drivers Health Fund, n/k/a the Wisconsin Health Fund, an employee benefit fund. Badger failed to make all of its contributions to the fund and is indebted in the sum of $7,736.00. The fund filed a priority claim on March 11, 1992, in the amount of $7,736.00 which was approved under 11 U.S.C. § 507(a)(4).

## II.  ANALYSIS

### A.  Perfection of the Receiver's Lien

■ Property interests in bankruptcy are, for the most part, determined by state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). A brief discussion regarding the nature of the receiver's interest is necessary before determining whether perfection of the interest is required. The receiver in the instant case was appointed as a supplementary receiver pursuant to Wis. Stats. § 816.04. Unlike a receiver of insolvent debtors appointed under Wis. Stats. Chapter 128, a § 816.04 supplementary receiver operates as a collection agent for a specific judgment creditor whose interests he represents. *Candee v. Egan,* 84 Wis.2d 348, 362, 267 N.W.2d 890 (1978).

A receiver's lien acquired pursuant to a supplementary proceeding under Wis. Stats. § 816.04 is not defined by statute in Wisconsin. In my ruling of March 12, 1996, I found that under the decisions of *Kellogg v. Coller,* 47 Wis. 649, 3 N.W. 433 (1879), and *Alexander v. Wald,* 231 Wis. 550, 286 N.W. 6 (1939), the date of service on the debtor of the

subpoena to appear at the supplementary examination controls for purposes of determining the acquisition date of a receiver's lien.

Applying this ruling to the facts at hand, I concluded that the receiver's lien was effective on behalf of Emerald on October 30, 1991—more than 90 days before the debtor filed its voluntary petition for bankruptcy under chapter 7. Nevertheless, I stated that this conclusion did not constitute a finding that the receiver's property interest had priority over the interests of the chapter 7 trustee because the bankruptcy judge had not resolved the issue of whether it was necessary for the receiver to perfect his lien. As noted previously this case was remanded to the bankruptcy court for resolution of that issue.

■ The concept of "perfection" has developed in order to furnish public notice of the secured party's interest in collateral and protect third persons against the secret or undisclosed lien. *Matter of Van Kylen*, 98 B.R. 455, 464 (W.D.Wis.1989). The bankruptcy judge correctly recognized that some liens, upon creation, are choate and therefore valid against all subsequent liens while other liens require that additional steps be taken before they are considered valid against subsequent liens. The receiver argues, as he did on remand, that his lien is superior over the interests of the chapter 7 trustee because his lien was self-perfecting and therefore choate upon creation. On the other hand, the appellees argue that additional steps needed to be taken by the receiver after his lien was created on October 30, 1991, and that those steps were not taken or alternatively, that such steps were accomplished within the 90–day preference period under 11 U.S.C. § 547.

Therefore, in the present case, I must decide whether the supplementary proceeding brought by Emerald created a lien that attached to the debtor's property prior to bankruptcy so as to be superior to the chapter 7 trustee's lien under 11 U.S.C. § 544(a)(1). As recognized by Judge Shapiro and as conceded by the parties, the issue of whether the supplementary receiver's lien requires an added step of "perfection" to be

effective against third parties is an issue of first impression in Wisconsin.

Despite the absence of controlling authority, Judge Shapiro determined that two Wisconsin cases suggest that additional steps after creation of the lien are required to perfect a supplementary receiver's lien. In *Holton v. Burton*, 78 Wis. 321, 47 N.W. 624 (1890), the Wisconsin supreme court was asked to determine whether a supplementary proceeding commenced before the debtor made an assignment for the benefit of creditors precluded the debtor from making the assignment. The court in *Holton* held that the debtor was permitted to make the assignment in spite of the fact that a supplementary proceeding had been commenced. *Id.* Crucial to the court's resolution of the issue was its finding that the assignment for the benefit of creditors occurred after the commencement of the supplementary proceeding but before a receiver had been appointed by a court commissioner. The Wisconsin supreme court reasoned (with emphasis added):

> We, however, place our decision in this case on the ground that it was the plain duty of the circuit court to set aside the order of the commissioner appointing a receiver, [which was entered *after* the assignment was made] when it was made to appear that the debtor had made a lawful voluntary assignment for the benefit of all his creditors. It is the policy of the law to uphold any lawful proceeding by which the assets of an insolvent debtor may be distributed in equal pro rata shares to his creditors, and to enforce such disposition of his property in every case *when the particular creditor has not acquired a valid lien upon the property before proceedings for such distribution are instituted.*

*Id.* at 324, 47 N.W. 624. In view of this policy, the Wisconsin supreme court further held (with emphasis added):

> we think it is fairly inferred that, when such an assignment is not specifically enjoined in the supplementary proceedings, an assignment ·made pending such proceedings, *and before the court in such proceedings has ordered any of the property of the debtor to be applied to the*

*payment of the creditors' judgment and before the receiver is appointed in such proceedings,* will convey to the assignee in such insolvent proceedings all the property of the insolvent debtor mentioned and described in his petition and schedule for the benefit of his creditors; and should therefore bar any further proceedings in such supplementary proceedings, as to such property, in favor of the more equitable rule for the distribution of the estate of the insolvent among his creditors.

*Id.* at 325–26, 47 N.W. 624.

Further support for the proposition that a lien created through commencement of a supplementary proceeding is not self-perfecting upon its creation is found in *Alexander,* 231 Wis. 550, 286 N.W. 6. As noted in my decision of March 12, 1996, *Alexander* involved a dispute between a supplementary receiver and a federal bankruptcy trustee. In determining which lien had priority, the Wisconsin supreme court placed emphasis on the date of the receiver's appointment. The Wisconsin supreme court held that "[a]s a general rule, when a court has acquired jurisdiction of a debtor in proceedings for the enforcement of demands of his creditors, *and has appointed a receiver* of his property, interference by another court is permitted only under exceptional circumstances." Id. at 552, 286 N.W. 6 (emphasis added). In my opinion, a fair reading of the Wisconsin supreme court's decisions in *Holton* and *Alexander* indicate that a Wisconsin court would hold that entry of a turnover order by the court commissioner and/or appointment of the receiver in supplementary proceedings is necessary before the receiver's lien attaches to specific property.

Judge Shapiro also determined that under New York case law—which constitutes persuasive authority in view of the fact that Wisconsin's supplementary proceedings law is based upon the supplementary proceedings law of New York—liens created pursuant to supplementary proceedings are not self-perfecting. The New York trial court held in *In re Neptune Avenue,* 165 Misc. 309, 299 N.Y.S. 736, 739 (1937), that a judgment creditor acquires an equitable lien on the judgment debtor's assets by the service of an order for examination in supplementary proceedings, but such so-called lien is inchoate merely, and is not perfected until an order to deliver is made *or* a receiver is appointed. The rule was followed by the surrogate court of New York in *In re Estate of Livingston,* 30 Misc.2d 71, 211 N.Y.S.2d 897 (N.Y.Sur. 1961).

The receiver does not find fault with Judge Shapiro's conclusion that New York case law requires a supplementary receiver to take additional steps after creation of the lien to perfect his lien and that perfection is complete upon appointment of the receiver or issuance of a turnover order. Rather, he argues that the bankruptcy judge's reliance on New York case law for the proposition that a receiver's lien must be perfected obligates him also to accept New York case law which provides that upon appointment, a receiver obtains *title* to the debtor's property which relates back to the commencement of the supplementary proceedings. I disagree.

As previously noted, some authority exists in Wisconsin case law supporting the premise that a supplementary receiver is required to perfect his lien after service on the debtor of the subpoena to appear at the supplementary examination before the lien can be said to attach to the debtor's property. See *Holton,* 78 Wis. 321, 47 N.W. 624; *Alexander,* 231 Wis. 550, 286 N.W. 6. The receiver has not identified any Wisconsin case law which can be read as supporting the distinct "relation-back" principle which is followed in New York. As I recognized in my decision of March 12, 1995, lien and title are distinct property concepts. Indeed, Wisconsin case law suggests that a Wisconsin court would reject the relation-back principle adopted under New York case law absent a statute explicitly providing for it. *See Candee v. Egan,* 84 Wis.2d 348, 362, 267 N.W.2d 890 (1978) ("Title to all of the debtor's property can vest in a receiver only by statute.... Under sec. 128.19, Stats. a Chapter 128 receiver [one appointed for an insolvent debtor] is 'vested by operation of law with title of the debtor' as of the date of the petition for the proceeding is filed. No such statute exists with respect to Chapter 273, Stats., 1973 receivers [receiver's in aid of execution].").

More importantly, state law relation-back principles such as the one followed in New York, do not apply for purposes of determining if a transfer is preferential. *In re Rude,* 122 B.R. 533, 538 (Bankr.E.D.Wis.1990) ("The supremacy of state law is confined to determining what constitutes a perfection of a transfer ... The question [of] whether a transfer is preferential ... is a federal issue and is governed by § 547 of the Bankruptcy Code.") (citing 4 Collier on Bankruptcy § 547.16 (15th Ed.1990)).

The receiver also invites our following Illinois case law, in particular, *In re Prior,* 176 B.R. 485 (Bankr.S.D.Ill.1995), rather than New York case law because Illinois' "citation to discover assets" law is "virtually identical to Wisconsin's supplementary proceeding" law. The bankruptcy judge declined to follow Illinois law on the ground that it is "muddled" on the issue of whether a receiver in aid of execution is required to perfect his lien before the lien attaches to the debtor's property. In *Prior,* the bankruptcy court determined that under the Illinois citation to discover assets statute, 735 ILCS 5/2–1402(a), a lien is created under that statute which is perfected upon service of the citation issued by the clerk of court. *Id.* at 495 (emphasis added) ("Section 2–1402(a) creates a specific lien *on the debtor's assets* as of the service of the citation summons, ....").

Unlike the situation in *Prior,* Wisconsin has no statute which creates a specific lien on the debtor's assets upon service of the subpoena to appear at the supplementary examination. To the contrary, a receiver's lien created pursuant to Wisconsin's supplementary proceeding law is created under common law and not by statute. Because *Prior* is distinguishable from the instant case, Judge Shapiro did not err in declining to apply the holding of that case.

■ Based on the Wisconsin and New York authority cited above, I find that a Wisconsin court would hold that a supplementary receiver's lien is not perfected until after the commissioner appoints the supplementary receiver and/or issues a turnover order. In the instant case, the commissioner appointed the supplementary receiver and issued a turnover order on December 17, 1991. Therefore, I need not decide whether perfection would have been accomplished had only one of these events occurred.

## B. Preferential Transfer Under 11 U.S.C. § 547(b)

Although the receiver's lien was perfected before the chapter 7 trustee obtained his lien after the debtor's bankruptcy petition was filed, the chapter 7 trustee argues that his lien has priority over the receiver's because perfection of the receiver's lien constituted a preferential transfer within 90 days of bankruptcy under 11 U.S.C. § 547.

■ The Bankruptcy Code has assigned five elements for a preference under 11 U.S.C. § 547(b), all of which must be met in order for the trustee to avoid a transfer. Under the code, a *transfer* is preferential if it (1) is to a creditor, (2) on account of a pre-existing debt, (3) is made while the debtor is insolvent, (4) is made on or within 90 days before the date of filing the petition, and (5) enables the creditor to receive more than it would receive if the estate was liquidated under chapter 7 of the Bankruptcy Code. 11 U.S.C. § 547(b). Because the debtor's bankruptcy petition was filed on February 11, 1992, the 90–day preference period runs from November 13, 1991, through February 11, 1992. In his decision of August 21, 1996, Judge Shapiro concluded that perfection of the receiver's lien on December 17, 1991, constituted a preferential transfer under § 547(b). Although the receiver does not dispute that the five elements recited above have been met, he disagrees with Judge Shapiro's preliminary determination that "perfection" of his lien constituted a "transfer" under the preference statute.

■ A predicate to a preference under 11 U.S.C. § 547 is the existence of a transfer. Under the Bankruptcy Code, a transfer is defined broadly as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary of disposing of or parting with property or an interest in property...." 11 U.S.C. § 101(54). In addition, the preference statute itself specifies that "a transfer is made" for purposes of that statute "at the time such transfer takes effect between the

transferor and the transferee, if such transfer is perfected at.. such time...." 11 U.S.C. § 547(e)(2)(A). A transfer is perfected under the Bankruptcy Code "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B).

In the present case, the supplementary receiver's lien became superior to other lien creditors when it was perfected on December 17, 1991. Thus, under the facts of this case, it was not erroneous for the bankruptcy judge to conclude that a transfer under § 547 occurred when the supplementary receiver's lien was perfected. *See e.g. In re P.A. Bergner & Co. Holding Co.*, 187 B.R. 964, 983 (Bankr.E.D.Wis.1995) (perfection of a security interest constitutes a transfer under § 547).

Having concluded that perfection of the receiver's lien on December 17, 1991, amounted to a transfer under § 547, I concur with the bankruptcy judge's conclusion that such transfer was a preferential transfer within 90 days of bankruptcy under 11 U.S.C. § 547(b).

As its final argument, the receiver contends that the two-year statute of limitations under the applicable version of 11 U.S.C. § 546(a), which requires that an action for the recovery of a preference be commenced no later than two years after the appointment of the chapter 7 trustee, bars the chapter 7 trustee from relying on § 547(b) in defending against the receiver's motion for a turnover of funds. All of the parties concede that the instant action is governed by the original § 546(a) as opposed to the amended version which is effective only for actions commenced after the passage of the Bankruptcy Reform Act of 1994.

The original version of § 546(a), provides that "an action under section 547, ... may not be commenced after the earlier of—(1) two years after the appointment of a trustee....; or (2) the time the case is closed or dismissed." The clear weight of authority permits defensive reliance on the trustee's avoiding powers outside the two-year time limit under § 546(a). *In re Coan*, 96 B.R. 828, 831 (Bankr.N.D.Ill.1989) (Section 546(a)

is limited by its terms to proceedings *initiated* by a trustee.). *See also In re Stoecker*, 143 B.R. 118, 128 (Bankr.N.D.Ill.1992) (trustee is permitted to rely defensively on § 502(d)—which precludes entities which have received voidable transfers from sharing in distribution of assets—when defending against a creditor's claim to assets of the estate even though no action to avoid that preference had been brought within two years of trustee's appointment.); *Matter of Mid Atlantic Fund, Inc.*, 60 B.R. 604, 610 (Bankr.S.D.N.Y.1986) (same).

Furthermore, this approach is most consistent with the statute's plain language which I should apply absent a persuasive reason to the contrary. *In re Clark*, 738 F.2d 869, 872 (7th Cir.1984). I find that the two-year time limit under § 546(a) does not preclude the chapter 7 trustee from relying on § 547(b) in a defensive manner.

In sum, I conclude that the receiver's lien constitutes an avoidable preference under § 547(b) and is subordinate to the interest of the chapter 7 trustee. The bankruptcy court's order denying the receiver's motion for a turnover of funds will be affirmed.

Therefore, IT IS ORDERED that the order of the bankruptcy court denying the receiver's motion for a turnover of funds be and hereby is affirmed.